*174 OPINION of the Court, by
Ch. J. Boyie
This Was an action of detinue for sundry slaves, originally brought by Isaac E. Gano and wife, in right of the latter, against the appellant. Issues were joined upon the pleas oinan detinet and the statute of limitations, and a verdict and judgment obtained by the. plaintiffs, which, upon an appeal to this court, were reversed and set aside, because (among other reasons) the replication to the plea of the statute of limitations was insufficient, and the issue thereon joined immaterial; and the cause avus remanded, with directions that the plaintiffs should reply de novo. The action having afterwards abated by the death of Mrs. Gano, was revived in the name of her husband, as her administrator; and having again abated by his death, was revived in the name of the appellee, as administrator de bonis non, who filed three several replications to the plea of the statute of limitations, to one of which there was a demurrer, to another a rejoinder, and to the third neither a demurrer nor a rejoinder. The demurrer was overruled, and a jury sworn to try the cause. During the progress of the trial, it appeared that Mrs. Gano claimed the slaves in virtue of a gift from her father John Bainbridge, and that the defendant held under a purchase from a third person, but failed to trace the title up to Bainbridge as the original vendor. A motion was then made on the part of the defendant, that the court should instruct the jury as in case of a nonsuit, because the gift to Mrs. Gano was not sufficiently proved, or if proved was void in law as to the defendant, he being a purchaser ; but the motion was overruled, and a verdict and judgment being given for the plaintiff, the defendant has again appealed to ⅛⅛ coqft.
A purchafer, to avoid a gift, mail fliew that he derives title from the donor*
Several dif* tin£! replications to the fame p'«>held to
ofdatimie ¡t » not» fuffiefent a“^“ tute of limita* tions, to reply íhat the flaves wereTot^witK in the jurifdic-tlon of 'he cognizance thereof,
The ,fta'u.te °mcs thJee°^ joining of an iffue> but not ¡fl'ewant °f an
The allega-non that claim-a"^3 the jeme cvvert when the caufe a£t'°nft C<the* defendant, and continued fo .until th* ⅛“⅛' j"® ° ⅛⅛ anfwer to the Pka of fta’ [¡uutas“f hallU’
Several objections are taken to the proceedings by the assignment of error. The first we shall notice is, that the right of action survived to the husband, and could not be revived in the name of the wife’s administrator, or her administrator de bonis non.
The authorities certainly afford some colour to this objection : for it is said that if a person detain the goods of a woman, which came to his hands before her marriage, the husband alone must bring the action ; because the law transfers the property to him, and she has no interest. — Clotty on Pleadings, 60, 61, 118, 119 — Bul. N. P. 50, 53.
This doctrine, however, must be understood with some restrictions. "Where the possession is not adverse to the right of the wife before marriage, as in the case of a bailment by loan or otherwise, it will no doubt correctly apply : for according to the rule that the general property in a chattel draws with it the possession, the possession of the bailee would he construed to be the possession of the wife; and the property of a chattel of which she was possessed at the time of her marriage, vests immediately in the husband : so that the light of action in such case for a detention after marriage, would belong exclusively to him. But where the possession is adverse to the right of the wife before marriage, as where it is held by a person not claiming merely a special property in the thing, but the general and absolute property, wholly incompatible with the'right of the wife, Ids possession could not be construed to be her possession ; and consequently the properly of the thing would not in such a case vest in the husband on marriage : for as a chattel thus circumstanced would not in fact be in the possession of the wife, and could not according to any rule be construed to be so, it must be a chose or thing in action ; and it is a settled principle, that a chose or thing in action will not vest in the husband, and that it will survive to the wife or to her representatives, unless he reduces it to his possession during their cover-ture; To recover the possession in such a case, she ought therefore to join in the action, if brought in her life; and if brought after her death, it ought to be in the name of her representatives : for regularly, the right of action follows the right of property. The husband, indeed, on her death would be entitled to the thingbut not in the character of husband, but as her administra *176 tor; and in that character was the suit in this case re,
,. Tj?'rlil'‘c*' der iffue a5 to the difabiiity ““k €rueii. *
. As, therefore, it is apparent in this case that the sieges' were held adversely to the right of the wife before marriage, the objection cannot prevail. It was in fact virtu-ally overruled by the tormer opinion ot this court, m which it was decided that the wife was correctly joined with the iuisharid in the action.
The second objection we shall notice is taken to the refusal of the,court to instruct the jury to find as in case of a nonsuit. It is equally clear that this objection can-jnot he sustained. Neither of the reasons for which the instruction was asked seems to be well founded. As to the gift, there was certainly evidence which conduced to prove it; and as to the weight of the evidence, it belonged exclusively to the prov ince of the jury to determine. It was urged, how ever, in argument, that the gift was by parol, and that there was at the time it is supposed to have been made, a statute of Virginia making such a gift void. But to this argument it is a sufficient answer, that the gift was made in New-Jersey, and not in Virginia; and therefore the laws of the former, and not those of the latter state, must govern the case, It is true that we da not know -what the laws of New-Jersey arc, in relation to the manner of making a gift; but it is a natural right, for a man to give that which is his, in any manner in which he can make his intention intelligible : and where the laws of another country are unknown, we cannot presume them to be restrictive or prohibitory of the exercise of such right.
The other reason is certaiiily not better founded. A gift may he void as to a purchaser, but he must be a purchaser who can derive his title from the donor. It cannot be that a gift from a man who has the property of the thing given, will be void as to a purchaser from one who has not, and never had any property in the thing. Such a proposition carries with it its own refutation.
The third and last objection we shall consider, is taken to the sufficiency of the replications to the plea of the statute of limitations. It was without doubt extremely irregular to file several distinct replications to the same plea. / It is not necessary, however, to decide whether this irregularity would of itself be sufficient, after a verdict, to authorise a reversal of the judgment; because *177 i’v ?.'•? of opinion that neither of the replications contains ft sufficient answer to the plea, and that the j idginentis oiithai ground erroneous. The first and second obviously aim at the same answer, and in substance allege *■ that the slaves in the declaration mentioned were brought to this commonwealth on the —— day of- ] 8 — , and not before ; and that Mrs. Gano, in whose right the action was brought, was then and continued to be a fame covert' until the bringing of the action.
These facts dearly afford no legal excuse for not bringing the action within the time limited by the statute. They seem to he predicated upon the idea that the presence of the slaves within the state was necessary to enable Mrs. Gano to bring- her action. But most indisputably the place of detention, whether within or wither it the state, is wholly immaterial: for if the defendant himself were within the state, let the place of detention be where it might, he was equally liable to be sued. A contrary doctrine would imply a supposition that unless the defendant and the property detained were both within the jurisdiction of the same tribunal," the action of detinue would not lie. But such a supposition has certainly no foundation in lawr. The presence of the property is not necessary for any purpose. It does not give jurisdiction to the court, nor could its absence be pleaded either in abatement or in bar of the action : and although the judgment is in the alternative, for the property or its value, yet the-process toi enforce the judgment does not act directly Upon the specific property, but by repeated distresses is intended to compel the defendant to deliver it; and this may be done whether the property is present or absent.
Upon the third replication there appears to be no issue joined, either of fact or of law ; and though it were in itself sufficient, the judgment would seem on this ground to be erroneous : for it contains only matter of avoidance, without traversing the matter Of the plea. So that there is not a mere jpisjoining of the issue, which would be cured after verdict by the statute of jeo-fails, but there is in truth no issue. The matter of the replication, however, we are of opinion is in itself insufficient to avoid the effect of the plea! It is alleged in substance that the plaintiff’s intestate was a feme covert when the cause of action accrued against the defendant, aud continued to be so until the bringing of the action. *178 The point evidently intended to be put in feme here, was no* whether the plaintiff’s intestatera a /pat cq-Vert when the causé of action accrued to her, as it ought to have, been, hist whether she was so when the defendant acquired the slaves, or became liable to the action. An is,sue joined upon this point, would preclude him fjrt>ra availing himself, as in law he would have an unquestionable right to do, of the running'of the, statute from the time when the cause of action first accrued against those under whom he derives his claim.
The, judgment must be reversed with costs, and the, cause be remanded, with directions that the plaintiff have leave to ñica replication, and such other proceedings be had as are agreeable to law.