Webb *vs.* Wilcher and another.

MATILDA WEBB, tenant, etc., plaintiff in error, *vs.* JOHN DOE, *ex dem.*, JOHN R. WILCHER and another, defendants in error.

1. A deed more than thirty years old, found in proper custody, accompanying other deeds, constituting a chain of title, and free from all suspicious appearances, is admissible in evidence, without proof of execution.

2. If in such a case it be proven that one of the subscribing witnesses is dead, and that his name subscribed is in his proper handwriting, this evidence, whether sufficient proof of execution or not, certainly aids the presumption of law upon which ancient documents are admissible.

3. The fourth section of the Act of December 25th, 1837, (T. R. R. Cobb's Digest, 175,) is inapplicable where an unrecorded deed comes in competition with a junior deed to same property, executed by the heir at law of the first feoffer, duly recorded. This case distinguished from Ellis vs. Lessee of Smith, 10th Ga., 253, and Tucker vs. Harris, 13th Ga., 1.

Ejectment, from DeKalb Superior Court. Tried before Judge BULL, at the October Term, 1863.

This was an action in favor of John Doe, on the joint demise of John R. Wilcher and Thomas A. Wilcher, heirs at law of Charles Wilcher, deceased, against Richard Roe, casual ejector, and Matilda Webb, tenant in possession, for the recovery of lot of land No. 35, in the eighteenth district of originally Henry county, but now in the county of DeKalb.

On the trial of the case in the Court below, the plaintiff proved the *locus* and the tenancy of the defendant, and the value of the rent, and then introduced the following evidence of title. The grant from the State of Georgia, to William Tomlinson, dated the 15th of September, 1823, for the land in dispute, deed from William Tomlinson to Charles Wilcher conveying the land, dated the 1st of October, 1823, attested by Martin Kolb and one other witness. This deed was never recorded, and the plaintiff proved the handwriting of Martin Kolb, one of the attesting witnesses, and that he was dead. There was no evidence of the handwriting of the other witness, nor was it shown that the witness was either dead or beyond the limits of the State. The plaintiff also

proved that Charles Wilcher was dead, and that John R. Wilcher and Thomas A. Wilcher were his only heirs at law, and closed his case.

The defendant then read in evidence a deed to the land in dispute from Rhoda Gilbert, to Burket D. Smith, dated 1st October, 1859, and recorded 28th August, 1860. The consideration expressed in this deed was the natural love and affection had and borne by the said Rhoda Gilbert for the said Burket D. Smith. The evidence also showed that Rhoda Gilbert was the wife of William Tomlinson; that Tomlinson died intestate, without any child or children, leaving his wife, Rhoda, his sole heir; that she afterwards intermarried with William P. Gilbert, who died in 1858, leaving a will, in which all his right, title, and interest in said land was bequeathed to his wife, Rhoda Gilbert. Gilbert left no child, or children, and had not in his lifetime reduced said land into his possession. The defendant also introduced a power of attorney made by Burket D. Smith, empowering W. O. Baskin to sell and convey the land in dispute, dated 20th April, 1860, and a deed made by Baskin, under said power, conveying the land to Floyd T. McAlpine, expressing as a consideration the sum of $250, dated 5th June, 1860. This deed and the power of attorney were both recorded on the 28th of August, 1860.

Upon this statement of facts, the presiding Judge charged the jury, amongst other things, "that if they should be satisfied from the evidence that the deed made by the heir at law of William Tomlinson, the drawer of the land, was a deed of gift, and made upon consideration of natural love and affection only, that a party claiming under said deed would not be preferred to the party claiming under the deed executed in 1823, which had never been recorded, notwithstanding the junior deed had been recorded within twelve months from the time of its execution."

Counsel for defendant asked the Court to charge the jury, "that if they should believe from the evidence that the deed from Burket D. Smith, to Floyd T. McAlpine, was made *bona fide,* and for a valuable consideration, and was recorded within

twelve months from the time of its execution, without any notice to him of the existence of said deed made in 1823, that he would be protected against said deed, and the jury ought to find for the defendant."

Upon this testimony and charge of the presiding Judge, the jury returned a verdict for the plaintiff for the premises in dispute.

Counsel for defendant then moved for a new trial, on the grounds:

1st. Because the Court erred in admitting in evidence the deed on which plaintiff relied, made in 1823, without requiring proof of the death or absence from the State of both attesting witnesses, and proof also of their handwriting.

2d. Because the Court erred in admitting said deed in evidence as an "ancient document" over thirty years old, without any proof of its existence for thirty years previous to the trial, or at any period prior to the commencement of the action.

3d. Because the Court erred in charging the jury as hereinbefore set forth.

4th. Because the Court erred in refusing to charge the jury as requested by defendant's counsel, as hereinbefore stated.

The presiding Judge overruled the motion and refused the new trial, and that decision is complained of as error.

EZZARD & COLLIER, M. A. CANDLER, for plaintiff in error.

GARTRELL & HILL, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

Error is assigned on the judgment of the Court below, refusing to grant a new trial, asked upon four grounds, which we must consider.

The first and second, relate to the admission in evidence, of a deed which had not been recorded, the plaintiff in error insisting, that there was no sufficient proof of its execution, and that it should not have been admitted as an ancient document, though purporting to have been executed about forty years prior to the trial.

If admissible on either ground, though inadmissible on the other, the Court must be sustained in placing it before the jury.

1. The deed was more than thirty years old; it purported to have been made by the State's grantee of the land in dispute, and was accompanied by the State's grant; both were produced in Court by the heirs-at-law of the party to whom by the terms of the deed the land was conveyed; it does not appear that any circumstances of suspicion attached to it. In Doe *ex dem.*, Dooly vs. Roe, McCurdy, *ten. in poss.*, 31st Georgia 593, we held, that "a deed more than thirty years old, found in the proper custody, accompanying other deeds, together constituting a chain of title, and free from all suspicious appearances, is admissible in evidence without proof of execution." The paper under consideration is clearly within this ruling, and was properly admitted.

2. Further, whether or not the evidence of execution was sufficient, *per se,* to authorize the admission of the paper, it certainly aids the presumption of law, upon which that paper was admissible as an ancient document. It establishes the genuineness of the signature of one of the subscribing witnesses, and thereby raises an independent presumption, (of greater or less force) of the genuineness of the deed itself.

3. The third and fourth grounds, refer to the charge of the Court given to the jury, and the refusal to charge as requested, according to the statement preceding. These grounds cannot avail the plaintiff in error, unless this case comes within the operation of the fourth section of the Act of December 25th, 1837, T. R. R. Cobb's Digest 175, entitled "An Act to admit certain deeds to be recorded and read in evidence, and also to prescribe the effect of certain other deeds." The section is in these words, "in all cases where two or more deeds shall hereafter be executed by the same person or persons, conveying the same premises to different persons, the one recorded within twelve months from the time of execution (if the feoffee have no notice of a prior deed unrecorded at the time of the execution of the deed to him or her) shall have preference; and if all be recorded or not recorded with-

in the time specified, the eldest deed shall have preference."
In the charge excepted to, the Court held that that section
was inapplicable to this case because the junior deed, which
had been recorded was founded upon the consideration of
natural love and affection ; in other words, that the section
was not intended to aid mere volunteers, claiming under a
junior deed regularly recorded, against purchasers for a valu-
able consideration claiming under a prior unrecorded deed.
However just this discrimination between volunteers and
purchasers for value may be, in view of the very broad phra-
seology of the statute, it may be questioned whether the
Legislature intended to make it.   There being another and
more obvious construction, leading to the same result, we for
the purposes of this case waive the reason upon which the
learned Judge based his instruction to the jury. · The statute
by its terms, applies only to "cases where two or more deeds
shall be executed by the *same person or persons,*" for the same
premises.   In the case at bar the older deed was executed by
William Tomlinson, and the junior by Rhoda Gilbert, two
different persons.   From this difficulty the plaintiff in error
insists he is relieved, by the fact that Rhoda Gilbert, at the
time of her conveyance, held as heir-at-law of William Tom-
linson ; and he relies upon the rulings of this Court in Ellis
vs. the Lessee of Smith, 10th Georgia 253, and in Tucker vs.
Harris, 13th Georgia 1.   In the former case the Court held,
that "a purchaser at sheriff's sale, who has his deed first
recorded, will gain the same preference over an unrecorded
deed, as if he had bought directly from the debtor himself."

The reasoning of the Court is this :   "The effect of a sale
by the law, in this respect, is just the same as if made by the
individual, whose agent or trustee the officer become, to make
the transfer.   All the defendant's estate is sold.   The pur-
chaser takes his place."   The latter case was that of an admin-
istrator's sale, and the ruling was that "a purchaser at an
administrator's sale, who has had his deed first recorded, will
have the same preference over an unrecorded deed as if he
had bought of the intestate in his lifetime."   Reference is
made to the case of Ellis vs. The Lessee of Smith, and it is

held that the principle is the same in both. What is that principle? That the actual salesman in each acted in a representative or fiduciary capacity, and by his deed transmitted not his own title but that of the party he represented. The sheriff transmitted the title of the defendant in execution, the administrator that of his intestate. Can the same thing be affirmed of Rhoda Gilbert's conveyance? By no means, She thereby transmitted not the title of William Tomlinson. but her own title. It matters not that she derived title from Tomlinson, nor does it matter how she derived it, whether by deed or by inheritance. Before her conveyance to Smith the title had become vested in her. It was only *her* title that could then be transmitted, and this makes her case to differ from those cited and considered. If instead of a conveyance from her to Smith, the sheriff had on that day, by competent authority, sold the same land as hers, and Smith had become the purchaser, could he now claim against Wilcher (the grantee of Tomlinson) the benefit of the Act of 1837? Clearly not, by authority of Ellis vs. The Lessee of Smith, because that would extend no farther than to a competition between the sheriff's deed transmitting the title of Rhoda Gilbert, and a prior deed of Rhoda Gilbert herself, conveying the same land. And for the same reason Rhoda Gilbert's deed, competing with a prior deed of William Tomlinson, unrecorded, is without the authority of that case. The only effect of the charge given, and the refusal to charge as requested, was to take the case out of the operation of the Act of 1837, and for the reasons given, we think there was no error in this.

Let the judgment be affirmed.