## SUTTLES *v.* SEWELL.

105 129
s109 708
105 129
s117 214

1. Where a sale of land is had by a levying officer under process issued from a court of competent jurisdiction, regular on its face, and after proper levy and due advertisement, within the legal hours of sale on a regular sale day, the purchaser at such sale is entitled to the possession of the property; and an order of the superior court directing the sheriff to dispossess the defendant in fi. fa. and to put such purchaser in possession is legal and proper.

9

2. Neither the defendant in fi. fa. nor any person representing him has a right to redeem property sold at a mortgage foreclosure sale.

3. Viewing the present case in the light of the entire evidence admitted, as well as the evidence which was offered and rejected, the judgment directing the sheriff to put the purchaser in possession was the only proper judgment that could have been rendered.

Argued May 19, — Decided July 23, 1898.

Application for possession. Before Judge Lumpkin. Fulton superior court. September term, 1897.

*R. B. Blackburn,* for plaintiff in error.
*Simmons & Corrigan* and *Oscar Parker,* contra.

COBB, J. Sewell filed his petition to the superior court of Fulton county, praying that the sheriff be required to put him in possession of certain lands, a deed to which had been executed to him by the sheriff in pursuance of a sale made under a mortgage fi. fa. in favor of Mrs. Powell against Mrs. Suttles, the property having been bid off by the plaintiff in execution and the bid afterwards transferred for a valuable consideration to the petitioner. The judge issued a rule nisi, calling upon the sheriff and Mrs. Suttles to show cause why the application should not be granted. The sheriff filed no answer. Mrs. Suttles answered that Sewell had no title to the property and was not entitled to possession, and alleged that she was in possession under a deed from one Gammage, and had, on May 11, 1897, filed in the superior court her suit attacking the title under which Sewell claims and praying for a cancelation of the deed and transfer under which he was seeking to dispossess her, and that an injunction had been granted in her favor restraining Sewell and the sheriff from interfering with her possession. She contended that, until the issues of fact raised in that suit had been adjudicated, no writ of possession should be granted to the plaintiff. At the hearing Sewell introduced evidence showing that the sale was had under a mortgage fi. fa. issued from a court of competent jurisdiction; also, the sheriff's deed and the written transfer to him by Mrs. Powell, and other evidence showing the regularity of the sale. There was also evidence that he had purchased from Mrs. Powell the mortgage fi. fa. against Mrs. Suttles for a consideration of $3,300, and that the

mortgage fi. fa. had been transferred to him. The defendant read her answer, and also the petition in the suit referred to in the answer, in which it was set up that the property was sold by the sheriff to Gammage for a sum sufficient to discharge the debt; that on the same day, without notice to the defendant and without failure on the part of Gammage to comply with the terms of the sale, the sheriff caused the property to be resold, and at the second sale Mrs. Powell became the purchaser at a grossly inadequate price, subsequently transferring her bid to Sewell; that Sewell had actual notice of the facts alleged; that the sale to Mrs. Powell took place after the regular sales for the day had been concluded. She claimed that the sale to Mrs. Powell was void and that the conveyances growing out of the same should be canceled. There was no evidence that any injunction had been granted on the petition. She then tendered in evidence the petition of Gammage against Mrs. Powell, containing allegations similar to those contained in her petition above referred to. This evidence was excluded. She tendered in evidence her affidavit, as well as the affidavit of E. P. Suttles, her husband, both of which the court excluded. The affidavit of Mrs. Suttles set up, that she was in possession of the property; that Mrs. Powell foreclosed the mortgage upon the property levied upon, and sold it on the first Tuesday in January, 1897, for the purpose of satisfying the mortgage; that because of certain irregularities, in certain suits now pending, it is contended that no title passed to the purchaser (one of the suits referred to is her suit to which reference has been heretofore made); and that after the sale to Mrs. Powell and the transfers to Sewell, she tendered him the full amount due on the mortgage in favor of Mrs. Powell, and demanded its cancelation and surrender, which Sewell refused to do. The affidavit of E. P. Suttles stated, that he was present when the property was sold to Gammage for $3,605. He attended the sale for the purpose of making the property bring enough to pay the debt to Mrs. Powell. He did not know that the sheriff would disregard the sale to Gammage, or that Gammage would fail to comply with his bid. He did not know of the sale to Powell, and was not present when the sale took place. He went to the court-house a little past

three o'clock on the day of the sale, and there was no crowd near the court-house nor was any sale being conducted at that time. He heard his wife tell Sewell that he had bought a lawsuit and with full knowledge of her claim, and Sewell made no denial, but on the contrary stated that he proposed to stand by his rights. He saw his wife tender Sewell a sum sufficient to satisfy the mortgage in full and demand cancelation of the debt, and Sewell refused to accept this money and surrender the mortgage fi. fa. The court passed an order directing the sheriff to place Sewell in possession of the property, and Mrs. Suttles excepted.

1. This application was made under section 5469 of the Civil Code, which provides that if the purchaser of real estate at a sheriff's sale fails to make application for possession until the next term of the superior court after the sale takes place, possession can only be obtained under an order of the superior court. If possession is applied for by the purchaser at once, and a term of the superior court is not allowed to pass, then the officer is authorized, under section 5468 of the Civil Code, to place the purchaser in possession, and to that end he may turn out the defendant in fi. fa. If Mrs. Powell, therefore, had made application to the sheriff for possession before a term of the superior court had passed, the only question which the sheriff would have been required to answer, in order to determine whether it was his duty to place her in possession, would have been: Has the sale been made under a process issued on a judgment regular on its face and rendered by a court of competent jurisdiction? Has there been a proper levy and due advertisement of the property as required by law, and did the sale take place on a regular sale day within the legal hours of sale, and was the property knocked off to the purchaser as the highest bidder for the same? Has he complied with his bid, and does he hold a title from the sheriff to the property? If these questions are all answered in the affirmative, the sheriff's duty, under the statute, is plain; he is required to dispossess the defendant in fi. fa., and place the purchaser in possession. If the judgment is irregular and voidable for any reason not appearing upon the face of the record, the sheriff is not required to investigate or decide these

questions. If the purchaser delays, however, until a term of the superior court has passed, the law prohibits the sheriff from placing him in possession on his own responsibility, but requires him to receive his instructions from the court of which he is a ministerial officer. When application, therefore, is made to the court for an order for the sheriff to do that which he would have had authority to do without an order before the term of the superior court had passed, the only questions which the judge is required to pass upon are those which the sheriff would be required to decide if application had been made to him at a time when he could have placed the purchaser in possession without an order. It follows, therefore, that the order passed by the judge, requiring the sheriff to put Sewell in possession of the property, was the only proper order which could have been passed in the case.

2, 3. Even if this were not true, we do not think any sufficient reason was set up by Mrs. Suttles in her answer, or in the evidence offered which was received, or in that offered and rejected, for refusing to pass an order to put the purchaser in possession. She acquired no right against Sewell by her tender of the amount due on the debt after Sewell had obtained title under the sheriff's sale. A mortgagor in this State can not redeem after a sale has been had under a foreclosure judgment. The mere pendency of a suit by Mrs. Suttles to set aside the sale and conveyance, no injunction having been granted nor any order or decree entered inconsistent with the order for possession granted in the present case, did not furnish any sufficient reason for refusing to put Sewell, the purchaser, in possession. If, for any reason not appearing on the face of the record, the deed executed by the sheriff failed to convey title to the purchaser, Mrs. Suttles is remitted to her proper remedy at law or in equity, as the case may be, to set aside the sale, and she can do this as well after as before possession has been given by the sheriff. From an examination of the record it would appear that the judge of the superior court viewed the case in the same light that we do, and that he simply inquired into the regularity of the judgment and the sale and declined to go further into an investigation. We think this was the proper direction to give it. If Mrs. Suttles had

offered evidence in support of her answer, and the court had allowed all of her evidence, and had distinctly passed upon every question which she raised in her answer and in her evidence, it might be that she would be concluded by the judgment rendered in this case as to all questions raised at the hearing. See *Williamson* v. *White,* 101 *Ga.* 276. But as the record clearly indicates that the judge did not pass upon these questions, but declined to go into them, and the judgment does not show that he passed upon them in any way, the record in this case would not conclude her from setting up whatever rights she may have against Sewell, either in her pending proceedings, or in such as she may see fit to institute in the future. So that, viewing the case either in the light of the evidence admitted, or all of the evidence, both that admitted and that rejected, the judgment directing the sheriff to put the purchaser in possession was proper and legal. *Judgment affirmed. All the Justices concurring.*