## McCANDLESS *et al. v.* INLAND ACID COMPANY.

A deed from a sheriff, duly recorded, is entitled to priority over an unrecorded deed from the defendant in execution, though made before the rendition of the judgment under which the sheriff sold, if the purchaser at his sale had no notice of the older deed.

Argued June 17, — Decided August 1, 1899.

Equitable petition. Before Judge Janes. Haralson superior court. January term, 1899.

This was a suit to recover the mineral interests in certain land, and for other relief, based upon a deed to the plaintiff from one Singleton, dated January 9, 1895, and recorded July 9, 1897. Defendants relied upon a deed to the property in question from the sheriff to one of them, dated and recorded on March 21, 1896, and made in pursuance of a sale under executions issued upon judgments against Singleton, rendered January 22, 1896. At the trial there was evidence that the purchaser at the sheriff's sale bought without notice of the plaintiff's deed. The court directed a verdict for the plaintiff; and the defendants excepted.

*Price Edwards*, for plaintiffs in error.
*J. M. McBride* and *W. F. Turner*, contra.

LUMPKIN, P. J.   This case turns upon the legal proposition announced in the headnote.   His honor, the trial judge, entertained a view contrary to what is therein laid down.   The question involved is not an open one in this State.   In *Ellis* v. *Smith*, 10 *Ga.* 253, this court held that: "A purchaser at sheriff's sale, who has his deed first recorded, will gain the same preference over an unrecorded deed as if he had bought directly from the debtor himself."   The doctrine there announced was, in *Tucker* v. *Harris*, 13 *Ga.* 1, applied to the case of a purchaser at administrator's sale, and it was held that, as he placed his deed on record, it was entitled to preference over an unrecorded deed to another, executed by the intestate in his lifetime.   This decision was based upon the theory that the purchaser at the administrator's sale stood .in as good a position as if he had bought from the intestate himself

before the death of the latter. The principle announced in these two decisions was subsequently recognized as correct in the case of *Webb* v. *Wilcher*, 33 *Ga.* 565, which was distinguished from the previous cases on the ground that the grantor in the second deed in that case was an heir, and not the legal representative, of the grantor in the first deed. The ruling in 10th *Ga.* was upon the idea that the sheriff, in making a sale, acted for and represented the defendant in execution; and the argument advanced in support of the decision in 13th *Ga.* was that the administrator, in making a sale, represented the estate of his intestate. In this connection, we quote the following from 20 Am. & Eng. Enc. L. 579: "Even though judgment and other lien creditors do not receive the protection which the recording acts give to purchasers, it is settled by the weight of authority that a purchaser at an execution sale, founded on the judgment of such creditor, is within the meaning of the term purchasers, as it is employed in the recording acts, and will receive their protection from the date of his purchase."

The registry act of 1889 has no application to the present case. In *Donovan* v. *Simmons*, 96 *Ga.* 346, Judge Hart, speaking of this act in connection with deeds of bargain and sale, remarked: "The law as to deeds of this character is unchanged by it. The danger of a failure to record a deed is the exposure of it to defeat by a subsequent vendee without notice of the prior purchase." The case just cited was relied on by counsel for the defendant in error; but it is to be noted that the distinction between it and the case in 10th *Ga.* is precisely that which is pointed out in the above extract from the 20 Am. & Eng. Enc. L., viz., that while a judgment creditor is not protected by a recording act, a purchaser at an execution sale does come within its protection.

*Judgment reversed. All the Justices concurring.*