*W. T. Burkhalter,* for plaintiff in error. *C. L. Morgan,* contra.

---

## CULBREATH *v.* MARTIN.

In a contest between the donee under a deed of gift, and a bona fide purchaser for value from the executor of the donor, under a power of sale in the will, who takes without notice of the prior voluntary deed, preference is to be given to the latter, and the title acquired by him is superior to the rights of the volunteer under the prior conveyance.

Submitted June 6,—Decided August 14, 1907.

Ejectment. Before Judge Hammond. Richmond superior court. December 12, 1906.

In 1905 Fannie Culbreath brought an action against Robert Martin, to recover possession of a described tract of land. The defendant, in his answer, denied title in the plaintiff. The plaintiff relied upon a deed from Grace Kennedy to Fannie Culbreath, dated April 25, 1892. It appeared that the grantee was the adopted daughter of the grantor, and that she was a minor at the date of the death of her grantor, which occurred in 1899. The consideration of the deed was one dollar and natural love and affection. The deed had been recorded during the lifetime of the grantor. Further than this fact there was no evidence of delivery. The defendant claimed under a deed from Bryan Cumming, as executor of Grace Porter, formerly Grace Kennedy. This deed was made in pursuance of a power of sale in the will, and upon a valuable consideration. Neither the executor nor Martin, his vendee, had any actual notice of the deed under which the plaintiff claims, at the time of the sale by the executor. The plain-

tiff was never in possession, but Grace Kennedy remained in possession, either by herself or by her tenants, during her lifetime, and the property was thereafter taken into possession by the executor. The jury returned a verdict in favor of the defendant, and the plaintiff assigns error upon the judgment refusing to grant a new trial.

*F. W. Capers,* for plaintiff.  *Bryan Cumming,* for defendant.

COBB, P. J. (After stating the facts.) It is the settled law of this State that a bona fide purchaser for value is entitled to prevail over the holder of a voluntary conveyance of a previous date, though the same be duly recorded, unless the former took with actual notice of the existence of the previous deed. *Finch* v. *Woods,* 113 *Ga.* 996 (39 S. E. 418); *Scott* v. *Atlas Asso.,* 114 *Ga.* 134 (39 S. E. 942). In *Whittington* v. *Wright,* 9 *Ga.* 23, it was said that a conflict between the equities of a bona fide purchaser and a volunteer can only arise when both parties claim under the same grantor. In that case one party was a purchaser for value and the other was a volunteer, but they did not derive title from the same source. In *Bell* v. *McCawley,* 29 *Ga.* 356, it was said that the rule above referred to applies only to cases where two conflicting titles are derived from the same source. In *Russell* v. *Kearney,* 27 *Ga.* 96, it is said that the doctrine applies only where both conveyances are made by the same person. It is to be noted in all of these decisions that the court was dealing with cases where it was held that the doctrine was not applicable, and the judges, speaking for the court, used the different expressions, "from the same grantor," "from the same source," and "from the same person." There is nothing in any of them which constitutes an authoritative ruling that the doctrine is applicable only in those cases where both the plaintiff and defendant claim each under deeds in which the grantor is the same. The use of the expression, "the same source," in one of the opinions, indicates that it was in the mind of the judge that the doctrine might be applicable in cases where the parties claim under a common source of title. The Civil Code, § 3530, declares, "Every voluntary deed or conveyance, made by any person, shall be void as against a subsequent bona fide purchaser for value without notice of such convevance." While this section of the code was evidently taken from the decisions above referred to, and other decisions of this court,

there is nothing in the section that indicates that the rule there laid down is to be limited to cases where both the plaintiff and defendant each claim under a deed from the same person. In the present case the plaintiff claimed under a deed from Grace Kennedy. The defendant claimed under a deed from the executor of. Grace Kennedy. The purchaser from the executor was a bona fide purchaser for value, without notice of the voluntary deed executed by Grace Kennedy. The controlling question is therefore whether the purchaser for value from the executor, without notice of the prior voluntary deed of the testatrix, is entitled to occupy the same position as if he had bought, under similar circumstances, from Grace Kennedy. This identical question seems never to have been decided by this court. In Crozier *v.* Bryant, 7 Ky. 174, Chief Justice Boyle says: "A gift may be void as to a purchaser, but he must be a purchaser who can derive his title from the donor." This language would indicate that it was not necessary to the application of the doctrine now under discussion that it should appear that both the plaintiff and defendant had each a deed from the same person, but that the doctrine would be applicable in any case where one party claimed under a deed of gift and the other party was a purchaser for value who could derive his title, either directly or indirectly, from the donor in the deed of gift. In that decision, however, the court was dealing with a case where the parties did not each derive title from the donor, and therefore what was said by the judge was merely obiter, as is true in the cases in our own reports above referred to. The reason on which the rule would seem to be founded is, that where the owner of property has made a deed of gift, but there is nothing about the possession or otherwise to indicate to a prospective purchaser that there is any claim to the property other than that of the donor, one who purchases for value should be protected on account of the apparent ownership notwithstanding the actual legal title had passed under the prior voluntary conveyance. In other words, unless there was something which amounted to actual notice to the prospective purchaser that his vendor had parted with the title to a volunteer, a bona fide purchaser for value would be protected as against such volunteer. If he finds his vendor in possession, with all rights of ownership apparently vested in him, as against a volunteer he is authorized to deal with him as the owner; and this.

is true notwithstanding the deed of gift may have been, at that time, actually recorded. *Fleming* v. *Townsend,* 6 *Ga.* 103 (50 Am. Dec. 318). Would not the reason which is at the foundation of the rule apply with equal force to a case where the purchaser for value is one who buys from the one who stands in the shoes of the donor and who conveys the donor's interest, and that only? That is, ought not a purchaser for value from an executor selling under a power of sale in a will stand upon the same footing in reference to a prior voluntary deed of the testatrix as he would if his title was derived directly from the testatrix during her lifetime? The registry act of 1837 provided, that, "In all cases where two or more deeds shall hereafter be executed by the same person or persons, conveying the same premises to different persons, the one recorded within twelve months from the time of execution (if the feoffee had no notice of a prior deed, unrecorded at the time of the execution of the deed to him or her) shall have preference." Cobb's Dig. 175. In *Ellis* v. *Smith,* 10 *Ga.* 253, it was held that under this act a purchaser at a sheriff's sale, who has his deed first recorded, would gain the same preference over an unrecorded deed as if he had bought directly from the debtor himself. In the opinion Judge Lumpkin says: "The effect of a sale by the law, in this respect, is just the same as if made by the individual whose agent or trustee the officer becomes, to make the transfer. All the defendant's estate is sold. The purchaser takes his place. The mischief of an unrecorded deed is the same to him as to a private purchaser." In *Tucker* v. *Harris,* 13 *Ga.* 1 (58 Am. Dec. 488), it was held that a purchaser at an administrator's sale, who has his deed first recorded, will gain the same preference over an unrecorded deed as if he had bought of the intestate in his lifetime. Judge Lumpkin, in the opinion, after referring to the case of *Ellis* v. *Smith,* says: "The rule and the reasoning in that case apply with full force to a purchaser at an administrator's sale." The registry act, as it now appears in the code, is, in the particular above referred to, in the following language: "The record may be made at any time, but such deed loses its priority over a subsequent recorded deed from the same vendor, taken without notice of the existence of the first." Civil Code, §3618. It has been held, since this section became the law, that a deed from the sheriff, duly recorded, is entitled to priority over an unrecorded

deed from the defendant in execution, though made before the rendition of the judgment under which the sheriff sold, if the purchaser at his sale had no notice of the older deed. *McCandless* v. *Inland Acid Co.,* 108 *Ga.* 618 (34 S. E. 142). See also *Ousley* v. *Bailey,* 111 *Ga.* 783 (36 S. E. 750); *Maddox* v. *Arthur,* 122 *Ga.* 674 (2), (50 S. E. 668). The original registry act uses the expression, "the same person or persons." The code uses the expression, "the same vendor." Still, in each instance, it was held that a deed made by one authorized by law to sell the property of another, either during his lifetime or after his death, was entitled to preference if taken without notice of a prior unrecorded deed. See, in this connection, *Henderson* v. *Armstrong,* 128 *Ga.* 804 (58 S. E. 624). The very same reasons which would determine a contest between a duly recorded deed subsequent in date to a prior unrecorded deed, would be sufficient to determine a contest between a bona fide purchaser for value and a donee under a prior voluntary deed. But it is said that the executor has no authority to sell property which does not belong to his testator. Neither has an administrator any authority to sell property that does not belong to his intestate on account of a deed having been made during his lifetime. Nor has a sheriff authority to sell, as the property of the defendant in execution, that of which he was not the owner on the day of the judgment. Still, if any of these officers or persons attempt to sell, and the purchaser is a bona fide purchaser without notice, the law protects the purchaser even at the expense of the real owner, who, in the one case, has been negligent in reference to the duty imposed upon him under the registry law, and, in the other instance, negligent in so conducting himself as that those who dealt with his donor would be misled by those circumstances which made the donor the apparent owner. There was no error in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*