### HINES et al. v. LAVANT et al.

ATKINSON, J. E. M. Lavant, holding actual possession under a bond for title from L. C. Durrence, instituted an action against E. H. Hines and F. E. Hines, to enjoin the cutting of timber and otherwise interfering with plaintiff's possession of three separate tracts of land containing 12, 8, and 7 acres respectively. Durrence was afterwards made a party plaintiff. At an interlocutory hearing the judge granted a temporary injunction, and the defendants excepted. *Held:*

1. A deed from a sheriff to a purchaser at sheriff's sale, duly recorded, is entitled to priority over an unrecorded deed from the defendant in execution, though made before the rendition of the judgment under which the sheriff sold, if the purchaser at such sale had no notice of the older deed. *Ellis* v. *Smith*, 10 *Ga.* 253 (10); *McCandless* v. *Inland Acid Co.*, 108 *Ga.* 618 (34 S. E. 142). If the prior deed is a deed of gift, whether or not it is recorded, it would yield to the subsequent sheriff's deed, unless the purchaser had actual notice of the deed of gift at the time of his purchase. *Culbreath* v. *Martin*, 129 *Ga.* 280 (58 S. E. 832); *King* v. *Mobley*, 150 *Ga.* 256 (3) (103 S. E. 237); *Waters* v. *Wells*, 155 *Ga.* 439 (9) (117 S. E. 322).

(*a*) In a contest between a sheriff's deed conveying the 12-acre tract to Jones in pursuance of a sale of the land as the property of E. H. Hines, and a prior unrecorded deed of gift by E. H. Hines to his minor children, the judge was authorized by the evidence to find that Jones purchased the land without actual notice of the deed to the children, and acquired a title superior to the title of the children.

2. A purchaser with notice from a purchaser without notice of a prior deed by his grantor will be protected against such deed. Civil Code (1910), § 4535; *Hancock* v. *Gumm*, 151 *Ga.* 667 (2) (107 S. E. 872, 16 A. L. R. 1003).

(*a*) The evidence authorized the judge to find that Jones purchased the land at the sheriff's sale without notice, and that L. C. Durrence purchased from Jones without notice of the prior unrecorded deed to the children of E. H. Hines, and consequently that Durrence was protected as against the deed to the minor children.

(*b*) Under application of the same principle, the evidence authorized the judge to find that E. M. Lavant, a purchaser from Durrence, was also protected as against the deed to the children, although he had notice of such deed.

3. While the general rule is that a tenant cannot dispute the landlord's title nor attorn to another claimant while in possession (Civil Code (1910), § 3698; *Grizzard* v. *Roberts*, 110 *Ga.* 41 (2), 35 S. E. 291; *Sparks* v. *Conrad*, 99 *Ga.* 643, 27 S. E. 764), if the landlord parts with the title to the disputed premises or if it be lawfully sold under execution against him, the tenant may in good faith attorn to the purchaser. *Beall* v. *Davenport*, 48 *Ga.* 165 (15 Am. R. 656); *Raines* v. *Hindman*, 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347); Powell on Actions for Land, 485, § 369.

(*a*) If Lavant was the tenant of E. H. Hines at the time the land was sold as the property of the latter at the sheriff's sale, he would not be estopped from asserting title under the sheriff's sale as against E. H. Hines.

4. The separate answer of E. H. Hines contained the following: "Defendant further says that during the year 1922 the said plaintiff rented and leased the 12-acre tract of land from this defendant and occupied the house for the said term, and at no time since that time 1922 has the defendant [?] ever vacated the said premises, and is now in the said house as a tenant holding over from this defendant; that defendant, on or about the 1st day of January, 1923, and before that time notified the said plaintiff to vacate the premises, which he has not done, but continues to live there; that he is a brother in law of the defendant, and from this fact defendant has never taken out legal proceedings to force him to vacate the premises; that this defendant at no time has ever been dispossessed of the possession of the said premises, either before or after the alleged sale of the said lands by the sheriff of Liberty County, and the plaintiff, if he has bought the said lands, did so knowing that this defendant was holding and possession [possessing?] the said property for his said two children; and further that plaintiff knew that neither the sheriff of Liberty County nor J. P. Jones nor L. C. Durrence had ever gotten possession of the said lands." Construed most strongly against the pleader, this answer alleges that Lavant was tenant of E. H. Hines, the defendant in fi. fa., and does not amount to an allegation that he was tenant of the children of E. H. Hines. In the circumstances no question arises as to estoppel upon the part of Lavant to deny the title of such children.

5. It is ordinarily the duty of a sheriff, making a sale of land under a common law fi. fa., to remove the defendant and put the purchaser in possession upon his application (Civil Code (1910), § 6073); and if the purchaser shall fail to make application for possession until after the next term of the superior court or until the officer goes out of office, such possession can only be obtained under an order of the superior

court (Civil Code (1910), § 6074); but if the purchaser fails to apply to the sheriff to remove the defendant and put him in possession, and the officer fails to put the purchaser in possession, such failure to act will not defeat the transmission of title by the sheriff's deed or prevent a tenant of the defendant in fi. fa. from attorning to the purchaser; nor, after attornment by the tenant, will such omission deprive the purchaser of the right to an injunction to prevent the defendant in fi. fa. from cutting timber on the land or committing a continuous trespass. This ruling is in harmony with the decision of this court in *Suttles* v. *Sewell*, 105 *Ga.* 129 (31 S. E. 41).

6. The evidence authorized the judge to find that E. H. Hines was insolvent, and that the alleged trespass was continuous; and consequently, relatively to the twelve-acre tract, the grant of the temporary injunction was not erroneous as to this defendant.

7. The eight-acre tract was not embraced in the voluntary deed from E. H. Hines to his children. It was embraced in the levy and sale by the sheriff as property of E. H. Hines. There was evidence tending to show that the defendant in fi. fa. was in possession of the land at the date of the levy. This was sufficient to raise a presumption of title in the defendant to the land; and the sheriff's sale being regular, and the alleged trespass continuous, and the defendant insolvent, the injunction against E. H. Hines was not erroneous as to this tract of land.

8. The plaintiff's only source of title to the seven-acre tract was the sheriff's deed to L. C. Durrence, which declared that the land was sold as the property of F. E. Hines. The sheriff's sale was under a common-law fi. fa. in favor of Durrence against E. H. Hines, F. E. Hines, J. H. Hines, and D. L. Hines. The levy on the fi. fa. described a tract of "18 acres of land," which was stated to be "levied on as property of J. H. Hines," but there was no entry of levy on the seven-acre tract as the property of F. E. Hines. In these circumstances the sheriff's deed was insufficient to divest the title of the owner of the land and convey it to the grantee named in that deed. Civil Code (1910), § 6026; *Overby* v. *Hart*, 68 *Ga.* 493 (3); *Cooper* v. *Yearwood*, 119 *Ga.* 44 (45 S. E. 716). It follows that the injunction as to the seven-acre tract was erroneous.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 3922. May 15, 1924.

Injunction. Before Judge Sheppard. Liberty superior court. June 26, 1923.

*W. C. Hodges*, for plaintiffs in error.
*Daniel & Durrence*, contra.