FLEMING & COMPANY *v.* RAY *et al.*

|86|533|
|119|343|

1. A devise by a mother to her son, his wife and children, he to have the property as a home during his life, and his wife also should she survive him, and after the death of both, the property to be equally divided among his children, creates in the children only an estate in remainder, and their vendees who have never been admitted into possession, cannot recover the premises in ejectment before the determination of the estate for life.
2. The attestation by a father of a deed executed by his adult children conveying in fee simple "all the respective rights and interest in and to a certain tract or parcel of land," describing it, will not estop him from subsequently acquiring an estate for his life in the same land by the will of his mother, under a devise to himself for life and to his children in remainder.

January 19, 1891. By two Justices.

Ejectment. Estates. Remainders. Deeds. Estoppel. Before Judge JENKINS. Greene superior court. March term, 1890.

An action of ejectment was brought on August 17, 1889, upon the demise of T. Fleming & Company against Eva Brightwell, Nancy A. Butler, J. R. Ray, and T. M. Fambrough as trustee of the minor children of B. F. Ray, son of Nancy Ray, who died on or before December 6, 1886, testate. The property named in her will (set out in the opinion) is the property covered by the pleadings. J. R. Ray, Nancy A. Butler and Eva Brightwell are the only children of B. F. Ray and his first wife, S. E. Ray, who was in life·at the death of the testatrix and has since died. The three children were in life at the death of testatrix, and were *sui juris* on April 17, 1880, when they made to T. Fleming & Company the deed quoted in the opinion. To this deed B. F. Ray was one of the subscribing witnesses. Since the death of the testatrix B. F. Ray has married a second wife, by whom he has two minor children for whom T. M. Fambrough is trustee and was represented in the superior court by the general counsel for the defendants; and B. F. Ray and children are living on said land. The judge, to whom the case was submitted, decided in favor of the defendants, and the plaintiffs excepted.

H. T. LEWIS, for plaintiffs.

No appearance for defendants.

BLECKLEY, Chief Justice.

1. The testatrix died on or before a certain day in 1886. The deed executed by the three adult children of B. F. Ray and attested by Ray himself, bears date in 1880, about six years before the will took effect. The deed is in these words:

"State of Georgia, County of Greene: For and in consideration of the sum of three hundred and twenty-

two and 53 / 100 dollars we the undersigned have this day bargained sold and conveyed and do by these presents bargain, sell and convey unto T. Fleming & Co. their heirs and assigns all of the respective rights and interest in and to a certain tract or parcel of land containing one hundred acres more or less, situate lying and being in said county adjoining lands of Wm. Jewell, Columbus Heard and others.   To have and to hold the above bargained rights and interest in and to the above described property, unto the said T. Fleming & Co., their heirs and assigns forever in fee simple.   In witness whereof we have hereunto set our hands and seals, this the 17th day of April, 1880."

Signed by the makers, and attested by two witnesses.

It will be observed that the instrument contains no warranty of title, and that it does not purport to convey the land itself but only " the respective rights and interest" therein.   What rights and interest?   Those of the makers of the deed, as these persons had no power or authority over the rights and interest of any one else. The agreed statement of facts on which the trial judge decided the case does not show to whom the land belonged at the date of the deed, or who had possession of it then or at any other time, save that "B. F. Ray and children are living on said land."   It is the same land, however, which is embraced in the will of B. F. Ray's mother, and as nothing to the contrary is stated, the judge was warranted in inferring that the land was hers when she died in 1886.   If the fact was otherwise, the will would be wholly irrelevant.   Treating the land as her property, it passed under her will, and the construction of that will controls the case.   Its language is as follows:

" I give unto my son B. F. Ray all that I now have, both real and personal, consisting of a tract of land whereon I now live, adjoining lands of Wm. Jewell and containing 100 acres, be the same more or less, and other property that I may have at the time of my death, to have conditionally.   The before mentioned property.

I give to the said B. F. Ray and his wife and children, in trust; the property is not liable for the said B. F. Ray's debts in any way whatever; he has the property as a home as long as he lives; his wife, Sarah E. Ray, if the said B. F. Ray should die, to have a home or the interest arising as long as she lives in the same way; and then at the death of both B. F. Ray and S. E. Ray his wife, I wish the property to be equally divided among his children, now only three, Nancy A. Ray, Sarah E. Ray and John H. Ray, and if any more legitimate children they will be made equal heirs with the above written. I constitute my friend T. M. Fambrough my trustee to hold the title in his name for the aforesaid, and I enclothe him with full power to sell the land or anything else that I have given and invest the proceeds in the same kind of property in any other section that he may think best so to do, provided the family or those of them that may be grown wish the same to be done; the proceeds of the place, rents or crops, the trustee will let the family consume, but not subject for any debt that he does not sanction. The trustee may not make any return of his acts as trustee, only to act for them and see that the said property is not wasted."

The will is without date, and there is a strong probability that it was in existence when the deed of 1880 was executed, and that the purpose of that deed was to convey the interest of the three adult children which was expected to vest in them under this will at the death of the testatrix. The code declares, §2699, that "The maker of a deed cannot subsequently claim adversely to his deed under a title acquired since the making thereof. He is estopped from denying his right to sell and convey." Let it be conceded that this provision would apply to such a deed as that made by these children to the plaintiffs in 1880, the estoppel would operate only as to three of the defendants in ejectment, but would not affect the fourth, that is, Fambrough the trustee mentioned in the will. He could defend on the life estate in B. F. Ray as an outstanding and better

title for the time being than that of the plaintiffs. And it was upon the right to recover against all of the defendants, not the right to recover against some of them separately, that the trial judge was requested to adjudicate. And the case was argued here in the same way, the contention being that the trustee was not protected by the terms of the will from.a recovery at the instance of the plaintiffs. We think it clear that whether the children of B. F. Ray by his second marriage will be entitled at his death to participate in the division of the property or not, so long as he lives the right to the possession is in him, and that the trustee is entitled to assert that right as against the vendees of the adult children. Under a fair and reasonable construction of the terms of the will, taken as a whole, the devise is to Ray, his wife and children, he to have the property as a home during his life, and after his death the property to be equally divided. It is doubtful whether his children by a second wife will be entitled to share in the division or not, but that question is not necessarily involved in this litigation. None of his children took more than a remainder except the right to enjoy with him as members of his family, and the life estate not having determined, the remaindermen are not yet to be admitted as such into possession. The actual possession, according to the agreed statement of facts, is in "B. F. Ray and his children," by which we suppose is meant his minor children by the second wife, since the others were all *sui juris* in 1880, and from• the names of the females we infer that they were then married and no longer members of their father's family.

2. The suggestion that B. F. Ray was estopped from acquiring title from his mother through her will because he attested the deed of his children to the plaintiffs is altogether fanciful. The deed is not inconsistent with his right to take his mother's subsequent bounty.

It does not even appear that he knew the contents of the deed; but if he did, he had no interest in the land at that time, and surely he was under no obligation to give warning of his mother's title though he may have been bound to disclose his own. The facts are altogether unlike those in the case of the *Georgia Pacific* v. *Strickland,* 80 *Ga.* 776. ·Surely there is no law which inhibits a witness to a deed from acquiring an adverse title by purchase, inheritance or devise. The morality of conveyancing has not yet risen to this sublimated height.                                    *Judgment affirmed.*