## AMERICAN FREEHOLD LAND MORTGAGE COMPANY OF LONDON LIMITED *v.* WALKER.

Real estate of a husband, set apart as a homestead, was levied on and sold. The purchaser at the sheriff's sale conveyed the land to the wife, a beneficiary under the homestead. She borrowed a thousand dollars and secured the same by a deed to the land, which was signed by her husband acting as her agent. The holder of the security deed brought ejectment against the wife, and, having recovered a verdict, obtained a writ of possession. The husband for himself and as the head of a family sought a perpetual injunction against its enforcement. The jury found generally for the plaintiff. *Held:*

1. While the verdict was right in enjoining any interference with the homestead estate, it was too broad in that it restrained the creditor from enforcing the writ after the termination of the homestead.

2. Where one as agent for another signs a deed conveying property, he is estopped from thereafter asserting against the grantee any adverse right based on a title or interest outstanding in such agent at the time of the execution of the deed.

3. What one induces another to regard as true is to be treated as the truth between them, if the party who acts has been misled to his damage by the conduct or statements of the other.

Argued December 17, 1903. — Decided January 12, 1904.

Equitable petition. Before Judge Butt. Taylor superior court. June 6, 1903.

Real estate of A. M. Walker, which had been set apart as a homestead for the benefit of his wife and minor children, was subsequently levied on and sold under a fi. fa. against him. Waters, the purchaser at the sheriff's sale, conveyed the land to Mrs. Alice Walker, the wife of A. M. Walker and a beneficiary under the homestead. She borrowed from Sherwood a thousand dollars, and secured the same by a deed to the land, which was signed by her husband as her agent. The debt and security were transferred by Sherwood to the American Freehold Land Mortgage Company, which company brought ejectment against Mrs. Walker, and, having recovered a verdict, obtained a writ of possession. A. M. Walker for himself and as head of the family sought a perpetual injunction against its enforcement. The jury found generally for the plaintiff, and the mortgage company excepted.

*W. E. Simmons*, for plaintiff in error.
*Allen & Tisinger* and *O. M. Colbert*, contra.

LAMAR, J. (after stating the foregoing facts.) It was conceded on the argument here that a verdict finding that the writ of possession should not be enforced during the continuance of the homestead estate was demanded by the evidence; but we think the plaintiff in error is right in its contention that the verdict was too broad. Under it the mortgage company would be perpetually enjoined from dispossessing A. M. Walker individually, even after the termination of the homestead estate. If the levy was only on the homestead interest, and if Waters got no title at the sheriff's sale, and if Mrs. Walker acquired no title or a defective title under her deed from Waters, yet her deed to Sherwood purported to convey the fee. This was signed by A. M. Walker as agent for his wife, and, whether she had title or not, forever estopped him from asserting his own title as against the grantee or his assigns. He had the power to sell the reversion (*Williams* v. *O'Neal*, 119 *Ga.* 175) and could by estoppel bring about that result. The deed may have been the act of Mrs. Walker, but the recitals of fact and the representations bound the conscience of the agent and estopped him from using any right or title then outstanding in himself to the prejudice of Sherwood, who loaned the money in the belief that the property belonged to Mrs. Walker. The agent's signa-

ture justified the lender in acting on the theory that, whoever else owned it, the agent did not. Even where one attests a deed there is a presumption that he knows of its contents; and unless this presumption is removed, he is estopped from asserting, against the grantee therein, an interest based on any right then outstanding in himself. *Butt* v. *Maddox,* 7 *Ga.* 504 (4); *Ga. Pac. Ry. Co.* v. *Strickland,* 80 *Ga.* 776; *Fleming* v. *Ray,* 86 *Ga.* 533. As held in *Kirk* v. Hammon, 102 U. S. 76, what one induces another to regard as true is the truth as between them, if the party who acts has been misled by the conduct or statements of the other. Civil Code, §§ 5150, 3823, 3609.

*Judgment reversed.    All the Justices concur.*