## KING & HAMILTON *v.* MOBLEY.

GILBERT, J. J. S. Mobley, on July 14, 1894, made to his wife, Charlotte Mobley, a deed to land, which was recorded July 26, 1894. The consideration was natural love and affection and $1. The $1 was not paid. She testified that her husband gave her the property; that she and her husband lived on the land until his death in 1917, and she continues to live on it. She mortgaged it in the year 1901. For the years 1910 to 1916, inclusive (except 1915, when no tax return was made), the husband returned the property for taxation in his own name. He made several mortgages on the land. The last of these was to secure two notes to King & Hamilton, which were sued to judgment on November 24, 1916. The fi. fa. from one of them was levied on the land mentioned, and Charlotte Mobley filed a claim Neither King nor Hamilton knew of the deed to Charlotte Mobley, or that she claimed the land, until after their mortgages were taken. It was agreed that the jury find the property subject to the fi. fa. if it was subject to the mortgage securing the debt represented by the fi. fa. The court directed the jury to return a verdict finding the property not subject; and a judgment having been entered thereon, King & Hamilton, plaintiffs in fi. fa., excepted. *Held:*

1. Under the evidence a finding that the deed from J. S. Mobley to Charlotte Mobley was voluntary would be authorized; and the record

of a voluntary deed is not notice to an innocent third person who acquires, for a valuable consideration, a contract lien against the property. Actual notice is required by law in order to give priority to a voluntary deed. *Avera* v. *Southern Mortgage Co.*, 147 *Ga.* 24 (92 S. E. 533).

2. Although a deed purports to be for a valuable consideration it may be shown to be in reality voluntary only. *Finch* v. *Woods*, 113 *Ga.* 996 (39 S. E. 418) ; *Leggett* v. *Patterson*, 114 *Ga.* 715 (40 S. E. 736).

3. "A bona fide purchaser for value is entitled to prevail over the holder of a voluntary conveyance of a previous date, though the same be duly recorded, unless the former took with actual notice of the existence of the previous deed." *Culbreath* v. *Martin*, 129 *Ga.* 280 (58 S. E. 832).

4. Relatively to the issues here involved, a mortgagee who acts in good faith stands precisely in the attitude of a bona fide purchaser and is entitled to the same protection. *Parker* v. *Barnesville Savings Bank*, 107 *Ga.* 650, 657 (34 S. E. 365) ; *Dill* v. *Hamilton*, 118 *Ga.* 208 (44 S. E. 989).

5. "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of the parties." Civil Code, § 4530. The husband and wife resided together on the land; the presumption was that the possession was that of the husband. *Walker* v. *Neil*, 117 *Ga.* 733, 747 (45 S. E. 387). "Joint residence of husband and wife on realty does not give notice of any claim of interest in it by the wife." *Neal* v. *Perkerson*, 61 *Ga.* 346; *Walker* v. *Neil*, supra. The mortgagee had the right to presume that the mortgagor was holding possession in his own right, and there was nothing to excite attention and put him on inquiry.

6. Applying the principles ruled above, the court erred in directing a verdict finding the property not subject.

*Judgment reversed. All the Justices concur.*

No. 1746. MAY 15, 1920.

Claim. Before Judge Gower. Wilcox superior court. September 26, 1919.

*Hal Lawson,* for plaintiff. *Eldridge Cutts,* contra.