## WATERS *v.* WELLS.

1 The court did not err in overruling the demurrer to the answer.

2 (1). The failure to charge the jury as set out in the first division of the opinion was not error.

3 (2). Under the Civil Code (1910), § 5858, par. 1, the rule affecting the competency of a witness to testify in a case extends only to transactions or communications with the deceased.

(a) The evidence admitted in the present case did not extend to transactions or communications with the deceased.

(b) Where evidence is objected to as a whole, some of which is admissible and some not, it is not error to overrule a motion to exclude the evidence as a whole.

4 (3). Where on the trial of a case evidence is objected to on the ground that it related to a transaction which the witness, who was a party

to the suit, had with her father as grantor relative to the property in controversy, it is not cause for a new trial that the evidence was admitted over objection, where it appears that subsequently during the trial evidence of the same witness, substantially to the same effect, was admitted without objection.

(4). The admission of evidence objected to in the 4th division of the opinion will not cause a reversal under the facts of the case.

(5). The act of August 4, 1887, now embodied in the Civil Code (1910), § 5860, which declares that "No attorney shall be competent or compellable to testify in any court in this State, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney," etc., has no application to the competency of an attorney as a witness with respect to essential facts attending the execution of a will in the preparation and as to the attestation of which he rendered professional services. In such a matter the attorney is not testifying "for or against his client," or for or against the interest of the client's estate.

(6). A witness who is a party to a suit cannot give evidence as to communications and transactions between such witness and his deceased father, under whom both parties to the suit claim as grantees.

(7, 8). The excerpts from the charge of the court as set out in the 7th and 8th divisions of the opinion are not erroneous for any reason assigned.

9. Under the Civil Code (1910), § 4110, every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value, without notice of such voluntary conveyance. To sustain a voluntary conveyance against a subsequent bona fide purchaser for a valuable consideration, notice to the purchaser must be actual.

10. The verdict is supported by the evidence, and the court did not err in refusing a new trial.

No. 3371. APRIL 12, 1923.

Complaint for land. Before Judge Strange. Screven superior court. July 26, 1922.

Augustus A. Waters brought a complaint against Mrs. Laura A. Wells, to recover a certain tract of land in Screven County, containing 102 acres, more or less, in the 34th district G. M. The defendant filed an answer denying the material allegations of the petition, which answer was amended, and averred: that both the father and mother of the defendant and the plaintiff were dead, the former dying in 1910 and the latter in 1920; that plaintiff's deed was never delivered to him or to any one for him by the grantor, George W. Waters, prior to his death; that the grantor never intended that the title to the land should be conveyed to the plaintiff; that he never intended to deliver the deed to the plaintiff, or to place the latter in possession of the land

under the deed, and he did neither; that the plaintiff was a child thirteen years of age when the deed under which he claims was executed; that he never accepted it; that the deed conveyed no title in præsenti, and was testamentary in its nature, and it not being executed by the grantor therein as his last will and testament or as a paper testamentary in character, and not having been attested by three witnesses as required by law, it was void and ineffectual to convey title; that it expresses a consideration of love and affection and $5; that it had no valuable consideration, no money was paid to the grantor by the grantee or by any one for him, and even if the nominal sum of $5 had been paid it was entirely inadequate as a valuable consideration; that the deed, if a conveyance at all, was purely voluntary and based only upon a consideration of love and affection; and that the grantor named in the deed was financially involved.

The defendant is in possession of the land, having acquired title under a deed of bargain and sale from George W. Waters, on October 28, 1902, a copy of which is attached to the answer. The defendant avers that at the time of the sale she was a bona fide purchaser for value of the lands in the deed described, without notice of any claim or title of the plaintiff. The defendant lived with her father (the grantor) and mother, but the plaintiff did not live in the home with the father and mother at the time the deed was executed and delivered to the defendant, and has not resided with them since that time, he then being married and living in his own home on an adjoining plantation. The services which defendant performed, and which were the consideration of $1000 named in the deed, consisted in keeping house and performing various household duties for her father and mother, they being very old, and in the latter years of their life, being almost physically helpless. Defendant remained with them in the home on the lands in controversy and performed said services until after the death of both of them. The value of defendant's services at the time the deed was made equaled the sum of $1000, and the value of her services since that time has exceeded $1000. Defendant has been in the actual, adverse possession of the lands in controversy, under the written evidence of title set out, for more than seven years prior to the filing of this suit, and she has thereby acquired title to the lands by prescription.

She further contends that the plaintiff by his conduct is estopped from attacking the title of the defendant to the lands in controversy; for that on or about January 15, 1911, he recognized the dividing line between the lands described in the deed and the lands on which he resided and had his home, and he adopted it as the true boundary line of the property of this defendant, and caused to be removed a certain fence then on the lands of this defendant to the dividing line between the property of the defendant and the property of the plaintiff, asserting at the time that he wanted the fence to be on such dividing line. The plaintiff is barred in equity, by his own laches, from attacking the title of the defendant to the lands in controversy, it having been more than eighteen years since the execution and delivery of the deed, which was properly recorded on October 28, 1902, the plaintiff having notice thereof, and knowing that she would claim title to the lands by virtue of the deed to her, subject only to the joint life-estate of the grantor and his wife. The defendant is without adequate remedy at law, and the issues between the parties can not fully be adjudicated without the aid of a court of equity; equitable jurisdiction will prevent a multiplicity of suits and a misjoinder of actions, and irreparable damage will be caused to defendant unless equitable aid be given. She therefore files this answer by way of cross-bill, and prays, first, that the prayers of plaintiff's petition be denied; second, that a decree be rendered adjudging the fee-simple title to the lands in controversy to be in the defendant; third, that the deed under which the plaintiff claims title be surrendered and canceled as a cloud upon defendant's title, in so far as the same affects or includes the lands in controversy.

The plaintiff demurred to the answer of the defendant, on various grounds, which demurrer was overruled, and the plaintiff excepted pendente lite. The case was then submitted to a jury, who returned a verdict for the defendant. The plaintiff filed a motion for a new trial, which was subsequently amended, and was overruled. The plaintiff excepted to the overruling of the demurrer, and to the judgment denying a new trial.

*E. K. Overstreet,* for plaintiff.

*Hitch, Denmark & Lovett, J. W. Overstreet,* and *J. S. Powell,* for defendant.

HILL, J. (After stating the foregoing facts.)

1. Error is assigned in the first special ground of the motion for new trial because of the alleged failure of the court to charge the jury certain contentions of the plaintiff. There was no request in writing to charge the contentions set up in this ground. The first contention which it is insisted the court should have charged the jury was that the plaintiff was a bona fide purchaser of the land in controversy for a valuable consideration. It will be seen from the foregoing statement of facts that the consideration expressed in the plaintiff's deed, upon which he relied for a recovery, was natural love and affection and the sum of $5. The evidence discloses the fact that he never paid the $5, and, while testifying in his own behalf, he stated that he did not pay anything for the land in controversy and did not know of the existence of the deed to him for a long number of years after it was made, he being a boy of thirteen years at the time of its execution.

The second contention which it is insisted was omitted from the charge was that a part of the consideration moving from the plaintiff's father inducing him to make the deed was several months services given by the plaintiff to his father after he had become twenty-one years of age. According to the evidence as disclosed by the record, these services, if performed, were eight or nine years after the deed was executed; and therefore the court properly failed to state this contention of the plaintiff, if such was the contention at the time of the trial, as the services rendered long after the execution of the deed could not be the basis of a valuable consideration unless there was a contract to that effect, and there is no evidence showing that such was the fact; and as to this contention we are of the opinion that even if there had been a request in writing to charge this contention, the court would have been authorized to so charge. It is true that the plaintiff gave evidence that his father received his services up to the time he was twenty-one years of age, and received them six months after he was twenty-one; but for the time that he was under twenty-one the father would be entitled to his services, and, as stated above, there is no evidence of a contract between the father and the son that after he became twenty-one years of age his services should go as a part of the consideration for the making of the deed.

The third contention of the plaintiff which it is insisted that the court should have stated to the jury was that the plaintiff had gone into the possession of the property and made valuable improvements thereon in good faith and upon the strength of the deed from George W. Waters, his father, to him. As to this ground it is sufficient to say that there is no evidence in the case that the plaintiff ever went into possession of the land in controversy. The land in controversy, it appears from the record, is the "home place" sued for; but there is no evidence that the plaintiff was ever in possession of it, or that he made valuable improvements on that place at all. It is true he was in possession of about 400 acres of land outside of the 102 acres in controversy, but there is evidence to the effect that plaintiff never got possession of the deed to any of the land at all until after his father's death, and that he never had possession of more than a one-horse farm before his father's death, and that farm was not a part of the land in controversy.

It is also contended that the court erred in failing to charge the jury that plaintiff contended that the defendant was not a purchaser for value or without notice, that she paid nothing for the property either in money or services, and that she well knew, before taking the deed under which she claims, that the maker of her deed had already given plaintiff a deed covering the property he sought to convey to her. We are of the opinion that this assignment is without merit. By reference to the charge of the court, which is in the record, it will appear that this contention was covered in his instructions to the jury.

2. The second special ground of the motion for new trial assigns error on the ruling of the court which permitted the defendant to testify: "I claim possession of this land in question under a certain deed, and I have had possession of that deed twelve or fifteen years. During that interval of time the deed has been in my possession. I kept it in my room. No one, except me and my husband, had possession of this deed or control of it. Before my father died, a part of the time my husband had this deed in his safe. I also had in my possession this plat, and they both were in my possession all the time." Error is assigned on the ground that the defendant was incompetent to testify, because her father, under whom she claimed, was dead, and the plaintiff, her brother,

was claiming likewise under a deed from the same grantor; and the court by consent of counsel having ruled that neither the plaintiff nor the defendant could testify to any transaction had with their father, deceased, counsel for plaintiff contended that to allow the defendant to testify that she had the deed and plat in her possession was equivalent to permitting her to testify that her father in his lifetime had delivered her the deed and plat, under which she claimed. We are of the opinion that the court did not err in allowing the defendant to testify as above set forth. Under the Civil Code (1910), § 5858, the incompetency of a witness to testify in a case like the present extends only to transactions or communications with the deceased. *Nugent* v. *Watkins,* 129 *Ga.* 382 (58 S. E. 888); *Hall* v. *Hilley,* 139 *Ga.* 13 (76 S. E. 566). This court has held that independent physical facts not involving communications or transactions with deceased persons are not within the rule which would exclude one from testifying where the other party to the transactions or communications is deceased. *Bank of S. W. Ga.* v. *McGarrah,* 120 *Ga.* 944 (6) (48 S. E. 393); *Nugent* v. *Watkins,* supra; *Holbrooks* v. *Holbrooks,* ante, 363 (116 S. E. 786); *Watkins* v. *Stulb,* 23 *Ga. App.* 183 (8) (98 S. E. 94).

The evidence was objected to as a whole; and even if any portion of it was objectionable and the other was not, the exception to the admissibility of the evidence as a whole is without merit. *Blackstock* v. *Blackman,* 152 *Ga.* 179 (4) (108 S. E. 775); *Moore* v. *Butler,* 150 *Ga.* 154 (2) (103 S. E. 154). And see, in this connection, *DeNieff* v. *Howell,* 138 *Ga.* 249 (4), 251 (75 S. E. 202); *Gallagher* v. *Keiley,* 115 *Ga.* 420 (2) (41 S. E. 613); *Horton* v. *Smith,* 115 *Ga.* 69 (3) (41 S. E. 253).

3. Error is assigned because the court during the trial erred in permitting the defendant to testify, in answer to a question, as follows: " Q. On October 28, 1902, the date the deed was made to you by your father, had you ever heard that a deed had been made to Alonzo Waters to this land, this home place? A. No sir, I did not have any knowledge or suspicion that such a deed had been made to it at that time." The objection to this evidence is that the defendant is a party to the case, and she is incompetent to testify to a transaction she had with her father, as she and her brother both claim under deeds from him. Even if the

above question and answer are objectionable for the reason assigned, it appears from the brief of the evidence in the record that the following questions were asked of the same witness and answers given unobjected to : "Q. On October 28, 1902, had you ever heard that a deed had been made to A. W. Waters to this land, this home place? A. No sir, I did not have any notice or suspicion that such a deed had been made to it at that time. Q. Did anybody, excluding your father, ever, in the presence of Mr. Holman Waters, before October 28, 1902, say to you that Alonzo Waters held a deed to this land from your father? A. No sir." Therefore, even if it could be held that it was error to admit the first question and answer objected to, yet the admission of practically the same questions and answers unobjected to will not cause a reversal.

4. The fourth special ground of the motion for new trial complains that the court permitted D. B. C. Nunnally, a witness for the defendant, to testify as follows: "I and George Waters were very close friends, and we had been since our schoolboy days. We went to school together, and were close friends." The ground of objection is that whether or not the witness and the deceased were friends had nothing to do with the case, and was irrelevant. While we are of the opinion that the evidence standing alone would be irrelevant, yet we are of the opinion that it is not harmful to the plaintiff, but from a consideration of the brief of the evidence it appears that this witness was the scrivener who drew the deed for the grantor conveying the property in controversy to the defendant, and this witness in other portions of his evidence testified to what the grantor said at the time of the execution of the deed as to the consideration being certain services which the defendant was to render to the grantor, and the above evidence tended to explain the conduct of the grantor in expressing himself freely to his schoolboy friend, and threw light on the question as to. why he went to that friend to draw the deed, and as to what the consideration of the deed was.

5. Error is assigned because the court permitted H. A. Boykin, a witness for the defendant, to testify that "he knew Mr. George W. Waters in his lifetime, and represented him as attorney in drawing his will, and in communicating with him in drawing his will, and during this conversation George W. Waters told said

H. A. Boykin he wanted to give his daughter, Laura, the home place, and when he died wanted her to have the home place." The objection to the admission of this evidence was that the witness was testifying to a communication that° was confidential because of the relationship of attorney and client, and the witness was therefore incompetent to so testify. Under the Civil Code, § 5860, as construed by this court in *O'Brien* v. *Spalding*, 102 *Ga.* 490 (31 S. E. 100, 66 Am. St. R. 202), the above evidence was not inadmissible for the reason assigned.

6. The court refused to permit the plaintiff to testify that at the time his father was preparing to make a deed to his daughter (the defendant) he tried to get the plaintiff to sign the deed to the defendant, or to agree that he convey the lands in question to her; plaintiff contending that at the time the deed was made by George W. Waters to the defendant, he realized that he could not deed the land to her without the consent of the plaintiff, to whom he had formerly made a deed conveying the same property. We are of the opinion that the court did not err in excluding this evidence. This was a transaction and communication between the plaintiff and his deceased father, under whom the defendant claimed as a grantee, and the plaintiff was incompetent to testify to such fact. Civil Code (1910), § 5858, par. 1; *Hendrick* v. *Daniel*, 119 *Ga.* 358 (46 S. E. 438).

7. Error is assigned upon the following charge of the court to the jury: " On the other hand, if you find from the evidence in this case that the defendant took a deed from her father, without actual notice of the existence of a deed made to her brother, before that time, and she took for a valuable consideration — if you find from the evidence that the father sold her this tract of land in consideration of $1000, either to be paid in money or services (I charge you that the contention of the defendant is that it was paid by services in this case) ; I charge you that if the father made a trade of that kind, and made a deed conveying this property to his daughter, and she performed the services in good faith without actual notice of the existence of the deed to her brother, why then the plaintiff could not recover, although the father may have delivered the deed to his son, and the defendant would be entitled to a verdict in her favor." The above charge is not open to the objection that it ignored the contention of the

plaintiff that he took for a valuable consideration, and that the court gave the jury to understand that the only thing for them to consider was whether or not defendant was a purchaser for value, and that if she was she should recover regardless of whether or not the plaintiff was a purchaser for a valuable consideration. Nor is the charge objectionable for the reason that it intimated to the jury that the court was of the opinion that the deed under which the plaintiff claimed was a voluntary conveyance only.

8. Error is assigned upon the following charge of the court: "I charge you, however, that if you find from the evidence in this case that the father made the deed, but that he did not intend to deliver, and did not deliver the deed, although he may have had it recorded, if you should find that to be the truth of the case, that he did not deliver the deed to the son before he made the deed to his daughter, why then the daughter would be entitled to recover in this case, and you should find for the defendant." The above charge is not subject to the criticism that it ignored the contention of the plaintiff that his deed was not a mere voluntary conveyance but was based upon a valuable consideration, nor that it intimated to the jury that the court was of the opinion that the deed under which plaintiff claimed was a mere voluntary conveyance; nor was the charge open to the objection that the court was of the opinion that the defendant's deed was for a valuable consideration.

9. The Civil Code (1910), § 4110, declares that every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value, without notice of such voluntary conveyance. As pointed out in one of the foregoing divisions of the opinion, the evidence of the plaintiff himself showed that he did not pay the $5 valuable consideration expressed in the deed, when or before it was executed. This court has held that to sustain a voluntary conveyance against a subsequent bona fide purchaser for valuable consideration, notice to the purchaser must be actual. *Fleming* v. *Townsend,* 6 *Ga.* 104 (4); *Finch* v. *Woods,* 113 *Ga.* 997 (39 S. E. 418); *Martin* v. *White,* 115 *Ga.* 866 (42 S. E. 279); *Culbreath* v. *Martin,* 129 *Ga.* 280 (58 S. E. 832); *Isler* v. *Griffin,* 134 *Ga.* 192 (5), 197 (67 S. E. 854); *Avera* v. *Southern Mortgage Co.,* 147 *Ga.* 24 (92 S. E. 533); *King* v. *Mobley,* 150 *Ga.* 256 (103 S. E. 237).

10.   The other exceptions to the excerpts from the charge of the court are practically covered by the foregoing rulings, and they raise practically the same questions as decided above, and they are without merit.   The charge of the court, taken as a whole, stated correct principles of law as applicable to the facts of the case.   The verdict of the jury was supported by the evidence; and the trial judge being satisfied therewith, and no error of law appearing as having been committed on the trial of the case, we reach the conclusion that the court did not err in refusing the motion for a new trial.

11.   Headnotes not specifically dealt with in the opinion require no elaboration.

*Judgment affirmed.   All the Justices concur.*

BECK, P. J., concurring specially.   Whether the witness was competent or not, to testify as set out in the second division of the opinion, over the objection urged, the admission of the evidence was harmless, as the uncontroverted evidence in the case shows a delivery of the deed to the defendant; and even without that, there was a presumption, from the fact of record, of delivery of the deed to the defendant.   That presumption will control, unless it is explained or rebutted; and the facts in the record neither tend to explain nor to rebut it.

ATKINSON and HINES, JJ., concurring specially.   We construe the exception to the admission of the evidence set out in the second division of the opinion to refer to the deed to the defendant from her father; and so construing this assignment of error, we are of the opinion that the court erred in permitting the defendant to testify that she had had possession of the deed from her father to her, as this necessarily related to the delivery of this deed and to a transaction with the deceased grantor; but we are of the opinion that this was a harmless error under the facts of this case. The deed had been recorded, and was shown by aliunde proof to have been delivered to this daughter.   The presumption of delivery of the deed arises from its record.   This presumption was not rebutted by proof from which the jury might find that the widow of the grantor, after his death, turned over to the daughter this deed, there being no explanation of the circumstances under which the deed was recorded, nor of the circumstances under which the widow got possession of this deed and handed the same to the grantee.