*George H. Perry,* for plaintiff.

*A. H. Gray* and *Milner & Farkas,* for defendants.

---

## GROOVER *v.* SIMMONS.

1. It not appearing from the averments of the amendment to his petition that the plaintiff was ignorant of any of the facts which he sought to plead in estoppel of the defendant, or that he did not have convenient means of acquiring such knowledge, the demurrer to the amendment should have been sustained, and the court erred in allowing the amendment.

2. In view of the error of the court in the ruling upon' the demurrer, the further proceedings in the trial were nugatory.

No. 5351. FEBRUARY 18, 1927.

Complaint for land. Before Judge Sheppard. Bulloch superior court. February 9, 1926.

*Hinton Booth* and *Anderson & Jones,* for plaintiff in error.

*Deal & Renfroe, F. B. Hunter,* and *Fred. T. Lanier,* contra.

RUSSELL, C. J. Simmons brought an action in statutory form against Dan R. Groover, to recover a described tract of land containing 140 acres. His claim of title was based upon a security deed from James B. Groover, dated August 25, 1917, and duly recorded. At the trial the plaintiff offered an amendment to his petition, setting up the following: "1. On the date of the deed from James B. Groover to Brooks Simmons, conveying a tract of 920 acres of land, including the 140-acre tract described in plaintiff's petition, various judgments, executions, and security deeds were outstanding against the entire 920-acre tract, which liens were older than the· deed from James B. Groover to Dan R. Groover, dated February 24, 1914, describing the 140-acre tract of land now in dispute. A list of said liens being hereto attached. . . 2. At the date of the deed from James B. Groover to Brooks Simmons,

---

Ejectment, 19 C. J. p. 1039, n. 73; p. 1060, n. 77.

Estoppel, 21 C. J. p. 1067, n. 91; p. 1103, n. 65; p. 1126, n. 51; p. 1129, n. 59; p. 1131, n. 71; p. 1135, n. 83; p. 1159, n. 62, 64; p. 1160, n. 67, 71; p. 1249, n. 59.

Evidence, 22 C. J. p. 68, n. 43.

Pleading, 31 Cyc. p. 43, n. 3; p. 78, n. 95; p. 81, n. 9; p. 674, n. 34; p. 680, n. 69.

August 25, 1917, the holders of these liens that were older than the deed from James B. Groover to Dan R. Groover were threatening to advertise and sell at sheriff's sale the entire 920-acre tract, including the 140-acre tract described in the deed from James B. Groover to Dan R. Groover, and this fact was known to the said Dan R. Groover on August 25, 1917.  3.  The defendant, Dan R. Groover, about one hour before the signing of the deed from James B. Groover to Brooks Simmons, discussed the proposed sale of the 920-acre tract, which was being threatened by the holders of the liens older than his deed to the 140-acre tract, in which defendant stated that if the 920 acres were sold at sheriff's sale the lands would not pay the liens older than his deed, that he really had no equity in the land, that he had returned certain wire fencing, and refused to invest anything in the lands for the reason that it would be a loss to him to do so.  4.  At the time the deed was signed by James B. Groover to Brooks Simmons, the defendant, Dan R. Groover, was present, advised the sale, assented to the same, and signed said deed as a witness with full knowledge of the fact that the deed contained a description of the entire 920-acre tract, including the 140-acre tract described in plaintiff's petition.  5.  The defendant, having acquiesced in and agreed to said sale and having witnessed said deed with a full knowledge of its contents, is now estopped from setting up a claim to any part of the lands described in said deed."  The defendant demurred to this amendment, in part upon the ground of irrelevancy; and to paragraphs 4 and 5, wherein the plaintiff sought to plead estoppel against the defendant, on the ground that the amendment does not set out or allege sufficient facts to create an estoppel, because there is no allegation that the plaintiff was ignorant of defendant's title or without any convenient means of acquiring such knowledge. The court overruled the demurrer and allowed the amendment. The defendant timely filed exceptions pendente lite, and error is properly assigned thereon.

We are of the opinion that the court erred in allowing the amendment to the petition.  The suit is an action for land.  Under the well-settled and ancient rule that the plaintiff must recover upon the strength of his own title and not upon the weakness of that of his adversary, it may be doubted whether suit for the recovery of land can be based solely upon an estoppel in pais in

Georgia, although in some jurisdictions it has been so held. In *Equitable Loan &c. Co.* v. *Lewman,* 124 *Ga.* 190, 198 (52 S. E. 599, 3 L. R. A. (N. S.) 879), though the precise point before us was not then before the court, Mr. Justice Evans used this language: "It is not the office of an estoppel to *pass* title. The title remains, but it can not be asserted against the party who acted upon the false representation. With reference to others it may be asserted or conveyed." This is a statement that estoppel does not pass title, and that it may be asserted with reference to all the world except a party who acts upon some false representation. Therefore, even if estoppel by acts or false declarations can in any case be the basis upon which to predicate the recovery of land, it falls clearly within the provisions of section 5737 of the Code. That section declares: "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there is no estoppel." The amendment which was offered for the purpose of setting up an estoppel against the defendant was fatally defective in each and every paragraph, in that it was not stated either that the plaintiff was ignorant of the true title or that he was without any convenient means of acquiring knowledge upon that subject. There are numerous decisions to the point that such claims as those stated in the amendment do not constitute an estoppel unless the opposite party was ignorant of the facts or without any convenient means of ascertaining them.

A fundamental rule of evidence is that a party is not permitted to prove matters which are not put in issue by his pleadings. *Pirkle* v. *Cooper,* 113 *Ga.* 828 (4) (39 S. E. 289); *Insurance Co.* v. *Leader,* 121 *Ga.* 260 (48 S. E. 972). It is an equally fundamental canon of pleading, especially as related to a plaintiff, that he must plead as well as prove every material essential necessary to enable him to carry the burden of establishing the affirmative of the issue. "The object of pleading is to notify the opposite party of the facts which the pleader expects to prove, and so it is that the allegation of such facts must be made with that certainty which will enable the adverse party to prepare his evidence to meet

the alleged facts." 21 R. C. L. 436, § 1; Christy *v.* Scott, 14 How. (U. S.) 282 (14 L. ed. 422). The familiar common-law rule that pleadings are to be construed most strongly against the pleader arose partly from the fact that upon demurrer the court without the intervention of a jury passes upon the facts alleged purely as matter of law, and by reason of a lack of certainty and precision in pleading the court may be led into the error of hearing evidence in a trial which can not be legally concluded in favor of the plaintiff, although it may appear from superficial consideration of the allegations that should the plaintiff establish what is alleged he would be entitled to a recovery. Under the provisions of section 5737, supra, there is no estoppel if both parties know the facts. It is therefore necessary in the present case that the plaintiff should state that he was ignorant of the truth as to the facts upon which he relied as constituting an estoppel, and that he was also ignorant of any means by which he could obtain knowledge of the truth with reference thereto. "Although in code States pleadings are to be liberally construed so far as concerns matters of form, it is of course obvious that this rule does not dispense with the necessity of pleading, and properly pleading, the facts which constitute the cause of action; and so, under this rule, essential averments lacking in a pleading can not be construed into it." 21 R. C. L. 466, § 32. As to the allegation in the amendment that the defendant was estopped by reason of his statements in regard to the liens against the land owned by his father, it is settled that he is not estopped from setting up title by recognizing a lien on the property. 10 R. C. L. 779, § 93; *Equitable Loan &c. Co.* v. *Lewman,* supra.

While it is a general rule that one who attests a deed, mortgage, or other conveyance is estopped to assert a claim adverse to the title or interest conveyed, an estoppel does not arise in any instance unless the attesting witness knows its contents, nor would attesting a conveyance work an estoppel unless it is coupled with some act on the part of the purchaser which puts him in a disadvantageous position. "To work an estoppel, however, the attestation must be coupled with some act on the part of the purchaser which puts him in a disadvantageous position, such as payment of the purchase-price or making improvements. Nor is there any estoppel where the grantee has actual notice of the title of the attesting witness or constructive notice by registration, nor as against a title

subsequently acquired by the witness. And merely taking the acknowledgment of a conveyance does not estop the person taking it from asserting his title." 10 R. C. L. 780, § 94; *Georgia Pacific Ry. Co.* v. *Strickland,* 80 *Ga.* 776, 780 (6 S. E. 27, 12 Am. St. R. 282); Civil Code (1910), § 5737.

It must be remembered that to have the benefit of an estoppel by representations or conduct of the owner of land the purchaser must have acted in reliance thereon. *Goodson* v. *Beacham,* 24 *Ga.* 150; *Stewart* v. *Brown,* 102 *Ga.* 836 (30 S. E. 264); 10 R. C. L. 782, § 97, note 9. Under the particular facts in that case, it was ruled in *Georgia Pacific Ry. Co.* v. *Strickland,* supra, that "One who attests a deed, knowing its contents, can not afterwards stand by and see expensive work done under it on the premises, making no objection, and then assert an older adverse title in himself, and recover the premises in opposition to the deed to which his attestation gave authenticity and credit." In that case the attesting witness knew the contents of the deed. Nor was that all. He stood by and saw expensive work done on the premises without objection. Certainly he was estopped. But in the body of the decision the principle applicable here was stated by the court. "His mere attestation of the deed would not have been binding upon him if he had not afterwards stood by and seen money expended on the faith of it. Certainly the Georgia Pacific Company had no reason to apprehend that he would ever assert title in opposition to the deed which he had attested; that company, so far as appears, had no notice whatever of any claim on his part adverse to the title which the Georgia Western Company acquired under the deed—the very deed to which his attestation gave authenticity and credit." Here the court recognizes the essential condition imposed by section 5737 as an essential prerequisite to an estoppel; "the Georgia Pacific Company . . had no notice whatever of any claim on his part adverse to the title which the Georgia Western Company acquired." In construing section 5737 in *Wilkins* v. *McGehee,* 86 *Ga.* 764, 770 (13 S. E. 84), this court, quoting from Brant v. Va. Coal Co., 93 U. S. 326 (23 L. ed. 927), and citing 2 Herman on Estoppel, §§ 957, 948 et seq., stated the rule as follows: "Where the estoppel relates to the title of real property, it is essential to the application of the doctrine that the party claiming to have been influenced by the conduct or declarations of another was himself not only desti-

tute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge." "The owner of property is not estopped from setting up his title thereto by reason of acts and declarations on his part, alleged to have induced another to buy it as the property of a third person, unless it appear that the purchaser was ignorant of the falsity of such alleged inducements and really acted upon them and not upon his own knowledge or judgment." *Stonecipher* v. *Kear,* 131 *Ga.* 688 (4) (63 S. E. 215, 127 Am. St. R. 248). "In order to raise an estoppel by conduct or matters in pais, one of the elements essential to such estoppel is, the party to whom the representation or concealment is made must have been ignorant, actually and permissibly, of the truth of the matter. If he knew or under all the circumstances ought to have known the facts, the representation, silence, or concealment is wholly unavailing." *Elliott* v. *Keith,* 102 *Ga.* 117, 120 (29 S. E. 155). To the same effect are *Wall* v. *L. & N. R. Co.,* 143 *Ga.* 417, 421 (85 S. E. 325; *Norman* v. *McMillan,* 151 *Ga.* 364 (2) (107 S. E. 325) ; *Jackson* v. *Lipham,* 158 *Ga.* 557 (123 S. E. 887). In the *Lipham* case Mr. Justice Hines, in delivering the opinion of the court, said: "Upon the party pleading an estoppel rests the burden of proving every essential fact necessary to constitute the estoppel." In the present case, as pointed out by the demurrer, none of the acts alleged in the proposed amendment as constituting an estoppel being stated to be facts of which the plaintiff was either actually, constructively, or permissively ignorant, the amendment should have been rejected.

Exception is taken to the judgment overruling the motion for a new trial, and various errors are assigned upon certain excerpts from the charge of the court. Some of the exceptions are based upon the same principles as the demurrer to the amendment; but inasmuch as the error in allowing the amendment was controlling in its nature, the further proceedings in the trial were nugatory, and the case must be remanded for further proceedings in accordance with this judgment.

*Judgment reversed. All the Justices concur, except Hines, J., disqualified.*