## MOORE v. PRUDENTIAL INSURANCE COMPANY OF AMERICA.

ATKINSON, J. A statutory claim was interposed to the levy of an execution upon land. The claimant asserted title under a recorded voluntary deed from one of the defendants in fi. fa., who with his codefendants, subsequently to the execution and record of the voluntary deed to claimant, conveyed the land to the plaintiff in fi. fa. as security for a loan. At the conclusion of evidence introduced by both sides, the judge directed a

490

verdict finding the property subject to the fi. fa. based on the judgment foreclosing the loan deed. The claimant's motion for a new trial was overruled, and the exception is to this judgment. *Held:*

1. Every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary conveyance. Civil Code (1910), § 4110. To sustain a voluntary conveyance against a subsequent bona fide purchaser for a valuable consideration, notice to the purchaser must be actual. *Waters* v. *Wells,* 155 *Ga.* 439 (9) (117 S. E. 322), and cit.

2. A grantee in a security deed who acts in good faith stands in the attitude of a bona fide purchaser, and is entitled to the same protection. *King* v. *Mobley,* 150 *Ga.* 256 (4) (103 S. E. 237).

3. On the trial of a claim interposed to the levy of a fi. fa. based on a judgment foreclosing a loan deed, although the evidence may not show possession in the defendant at the time of the levy, the plaintiff may successfully carry the burden of proof by showing affirmatively that the defendant was vested with title at or before the time the plaintiff acquired his loan deed. See *American National Bank* v. *Lee,* 124 *Ga.* 863 (53 S. E. 268). In the instant case it appears that the claimant claims title by voluntary deed from the defendant in fi. fa., executed prior to the security deed. This is an admission of title in the defendant at that time. *Garbutt Lumber Co.* v. *Wall,* 126 *Ga.* 172 (2) (54 S. E. 944). There was no evidence that the plaintiff had actual notice of the voluntary deed at the time of taking the security deed.

4. Any error in the admission of secondary evidence as to recitals in a paper tending to show an admission by the claimant that would be against her in the instant case, as complained of in the fourth special ground of the motion for new trial, would not be cause for reversal.

(*a*) Nor would any conflict of evidence as to possession at the time of the levy, as referred to in the first and second special grounds, be cause for reversal.

(*b*) Nor would it affect the case that after the voluntary deed to the claimant she reconveyed the property for a valuable consideration back to the grantor, who was her husband, and afterwards was one of the makers of the security deed and a defendant in the fi. fa. involved in the case; and that such conveyance to the husband was not authorized by the judge of the superior court.

5. Applying the above principles, the evidence demanded the verdict in favor of the plaintiff in fi. fa., and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 9100. FEBRUARY 20, 1933.

*James R. Davis,* for plaintiff in error.
*L. P. Goodrich, Claude Christopher,* and *W. M. Dallas,* contra.