No. 9752. MARCH 3, 1934.

*Morris Macks* and *V. K. Meador,* for plaintiff.
*R. R. Jackson* and *C. E. Moore,* for defendants.

WALKER *v.* FIRST NATIONAL BANK OF DALTON.

No. 9771. February 20, 1934.

*W. G. Mann,* for plaintiff. *J. A. McFarland,* for defendant.

Beck, P. J. Mrs. Ludie Walker filed her petition against the First National Bank of Dalton, and prayed that the bank be enjoined from selling certain land under a security deed made by J. M. Walker on April 14, 1930, and that this deed be delivered up and canceled as a cloud on the title. She alleged that she purchased the property and went into possession in 1925; that she was in possession at the time of filing this petition; and that on April 14, 1930, the date on which he made the security deed to the bank, J. M. Walker was mentally incapable of executing a conveyance of property. The court sustained a general demurrer and dismissed the petition.

The court made no express ruling on the special demurrers. The only exception taken is that "the court erred in sustaining the general demurrer and dismissing the petition." The plaintiff alleged: "Petitioner is the owner of and in possession of land lot number 312, in the 27th district, 3rd section of originally Walker County, now Whitfield County, Georgia, containing one hundred and sixty acres, more or less. That petitioner's money that she received from the W. & A. R. R. in settlement of damages which she received on or about 1924 went into said land aforesaid as payment therefor, and deed executed to petitioner for said land in 1930 by J. M. Walker. Petitioner went into possession of said land in 1925." The allegations as to ownership and possession are unquestionably vague and indefinite; but as against a general demurrer they should be construed to mean that petitioner furnished the money with which the place was purchased in 1924; that she went into possession of the same in 1924 or 1925. And from other allegations it appears that J. M. Walker executed a security deed to the land to the defendant bank, in 1930.

If the petitioner furnished the money with which the land was purchased, as she alleges, and went into possession of the same and

continued in possession, her possession was notice of her equity, her right and title to the land, even though she had not received nor recorded the deed from Walker. It is argued in the brief of counsel for defendant in error that "petitioner's possession of the land would be presumptively the possession of the husband;" and to support this counsel cites section 4528 of the Civil Code, which is in the following language: "Possession by the husband with the wife is presumptively his possession, but it may be rebutted." Counsel also quote at length from *Austin* v. *Southern Home Building & Loan Association,* 122 *Ga.* 439 (50 S. E. 382), and from *King* v. *Mobley,* 150 *Ga.* 256 (103 S. E. 237), wherein is restated the principle contained in the Code, that "possession by the husband with the wife is presumptively his possession." However strong this argument might have been had it been shown that J. M. Walker was the husband of Mrs. Ludie Walker, it does not aid the defendant, because it does not appear that J. M. Walker is the husband of Ludie Walker, the plaintiff. Consequently, so far as this record shows, the plaintiff herself was in possession of the land, and it does not appear that she had a husband. The case then stands as follows: The plaintiff was in possession of the land; went into possession in 1925; her money had paid for the land, and she was and had been in rightful possession of the land. If the bank should be permitted to exercise the power of sale contained in the deed from J. M. Walker and sell this land as the land of J. M. Walker, it would cast a cloud upon the title of the plaintiff; and in these circumstances she was entitled to the aid of a court of equity to prevent the sale.

■ The ruling stated in the second headnote requires no elaboration. *Judgment reversed. All the Justices concur.*