ROOP GROCERY COMPANY *v.* GENTRY *et al.*

No. 14439. APRIL 15, 1943.

*J. L. Smith* and *H. J. McBride*, for plaintiff.

*Price Edwards* and *J. R. Murphy*, for defendants.

BELL, Presiding Justice. The plaintiff made two contentions: First, that the deed by the husband to his wife was a voluntary conveyance of which the plaintiff had no actual notice at the time it took its security deed and extended credit on the faith thereof; and that although such deed to the wife was then recorded, the record did not constitute notice to the plaintiff as a subsequent purchaser for value, and its title is therefore superior. Second, that even if the deed to the wife was based on a valuable consideration and the plaintiff thus had record or constructive notice of it, yet the wife witnessed the security deed to the plaintiff with knowledge of its contents, and in view of this fact and the other circumstances she is estopped to assert title as against the plaintiff. These were substantially the issues that were presented in the trial court; and it is insisted here that a verdict for the plaintiff would have been authorized upon each and both of these issues, thus rendering it erroneous to direct a verdict in favor of the defendant wife. The two contentions, however, are separate and distinct, it being insisted that if a verdict for the plaintiff would have been authorized upon either of the issues stated, the case should have been submitted to the jury.

"Every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary conveyance." Code, § 96-205. "To sustain a voluntary conveyance against a subsequent bona fide

purchaser for a valuable consideration, notice to the purchaser must be actual." *Waters* v. *Wells*, 155 *Ga.* 439 (9) (117 S. E. 322); *Jordan* v. *Pollock*, 14 *Ga.* 145 (4); *Fleming* v. *Townsend*, 6 *Ga.* 103 (50 Am. D. 318); *Finch* v. *Woods*, 113 *Ga.* 996 (39 S. E. 418); *Moore* v. *Prudential Insurance Co.*, 176 *Ga.* 489 (168 S. E. 48); *Waters* v. *Scottish American Mortgage Co.*, 180 *Ga.* 594 (180 S. E. 121). "The consideration of a deed may always be inquired into when the principles of justice require it." Code, § 29-101. "Although a deed purports to be for a valuable consideration, it may be shown to be in reality voluntary only." *King* v. *Mobley*, 150 *Ga.* 256 (2) (103 S. E. 237); *Martin* v. *White*, 115 *Ga.* 866 (42 S. E. 279). A grantee in a security deed who acts in good faith stands in the attitude of a bona fide purchaser, and is entitled to the same protection. *Moore* v. *Prudential Insurance Co.*, supra; *King* v. *Mobley*, supra; *Parker* v. *Barnesville Savings Bank*, 107 *Ga.* 650, 657 (34 S. E. 356).

Under the foregoing principles as applied to the evidence, the jury would have been authorized to find in favor of the plaintiff upon the theory that the deed from the husband to the wife was a mere voluntary conveyance, and that as to the property so conveyed the plaintiff was in the position of a subsequent purchaser for value without actual notice of such deed. As related to the first contention, therefore, it was error to direct the verdict against the plaintiff and in favor of the defendant wife. We are not here concerned with the act approved February 16, 1943 (Ga. L. 1943, p. 400), amending the Code, § 96-205, supra, relating to voluntary conveyances; since the transactions here under consideration all occurred before the passage of such amendment.

■ "A fraud may be committed by acts as well as words; and one who silently stands by and permits another to purchase his property without disclosing his title is guilty of such a fraud as estops him from subsequently setting up such title against the purchaser." Code, § 105-304. "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there shall be no estoppel." § 38-115. "In order for an equitable estoppel to arise, there must

generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." § 38-116. The fact that the deed under which the wife claimed title may have been based upon a valuable consideration and duly recorded would not necessarily prevent the purchaser in such case from relying upon the principle of estoppel, if he was in fact ignorant of the true title. *Markham* v. *O'Connor,* 52 *Ga.* 183 (21 Am. R. 249); *Lane* v. *Newton,* 140 *Ga.* 415 (4 *a*) (78 S. E. 1082). The principle stated in the Code, § 105-304, does not depend for its operation upon the existence or absence of mere constructive notice, nor will such record necessarily constitute "convenient means of acquiring such knowledge," within the meaning of § 38-115. This latter section appears to have been codified from the decision in *Wilkins* v. *McGehee,* 86 *Ga.* 764 (13 S. E. 84), long after the codification of the other section, and should be construed in harmony therewith. Code of 1863, § 2908; *Markham* v. *O'Connor,* 52 *Ga.* 183 (supra); *Calhoun* v. *Little,* 106 *Ga.* 336 (3) (32 S. E. 86, 43 L. R. A. 630, 71 Am. St. R. 254); *Lamar* v. *McLaren,* 107 *Ga.* 591 (34 S. E. 116). The decision in *Wilkins* v. *McGehee,* supra, fully recognized the principle declared in the former section, and ruled nothing contrary to our present interpretation.

In *Groover* v. *Simmons,* 163 *Ga.* 778 (137 S. E. 237), the plaintiff who claimed the estoppel had actual knowledge of the title of the defendant, the very matter having been discussed between them; and the decision did not turn on any question as to constructive notice by record. It is true, the court quoted a statement made by a reputable treatise, in which reference was made to "constructive notice by registration." The statement, however, was not applicable to the facts then before the court for adjudication, and must be treated as obiter in so far as it constituted a part of the opinion. Moreover, the decision in that case was not concurred in by all the Justices, nor does the statement that was quoted harmonize with the earlier decisions in *Markham* v. *O'Connor,* 52 *Ga.* 183, and *Lane* v. *Newton,* 140 *Ga.* 416 (supra), in each of which the entire court concurred. It follows that the statement in the *Groover* case as to constructive notice can not be approved as a correct principle as applied to the instant case.

In *American Freehold &c. Co.* v. *Walker,* 119 *Ga.* 341 (2), 343 (46 S. E. 426), it was said: "Where one attests a deed there is a presumption that he knows of its contents; and unless this presumption is removed, he is estopped from asserting, against the grantee therein, an interest based on any right then outstanding in himself." See also *Butt* v. *Maddox,* 7 *Ga.* 504 (4); *Fleming* v. *Ray,* 86 *Ga.* 533 (12 S. E. 944); *Sikes* v. *Seckinger,* 164 *Ga.* 96 (2 *a*), (137 S. E. 833). Whether this statement is sound or unsound in principle, yet under the evidence in the instant case the jury would have been authorized to find that even if the deed from the husband to the wife was based upon a valuable consideration, so that its record constituted constructive notice, she nevertheless witnessed the deed to the plaintiff *with knowledge of its contents;* and that the plaintiff, in ignorance of the true title, relied upon such security deed as conveying a good title from the grantor, and extended credit on the faith thereof. It was therefore error also to direct a verdict against the plaintiff upon its second contention.

■ It is contended by the defendant in error, however, that the petition as amended did not state a cause of action, in that it did not allege sufficient facts to show an estoppel, and for this reason the refusal of the plaintiff's motion for a new trial should be affirmed. There is no merit in this contention. It is apparently based on the decision in *Groover* v. *Simmons,* 163 *Ga.* 778 (supra), and the Code, § 38-115, supra, as codified from the decision in *Wilkins* v. *McGehee,* 86 *Ga.* 774 (supra), all of which have been discussed in the preceding division. It is insisted that under these authorities the record of the wife's deed constituted equal means of knowledge, and that the petition therefore did not show basis for estoppel.

In view of what has been said, the petition was not deficient as insisted. Accordingly, even assuming that the defendant in error may urge affirmance on that ground, the judgment must still be held erroneous for the reasons indicated in the preceding divisions. On the question of practice, see *Kelly* v. *Strouse,* 116 *Ga.* 872 (6) (43 S. E. 280); *Moody* v. *Moody,* 193 *Ga.* 699 (19 S. E. 2d, 504); *Twilley* v. *Twilley,* 195 *Ga.* 291 (24 S. E. 2d, 41).

*Judgment reversed. All the Justices concur.*