ROBERTSON *v.* PANLOS *et al.*

No. 17449.   Argued April 10, 1951—Decided May 15, 1951—Rehearing denied June 13, 1951.

**118**

*Norman I. Miller,* for plaintiff.

*Bertram S. Boley, Paul Webb Jr.,* and *Harold Sheats,* for defendants.

HEAD, Justice. "While a demurrer admits facts properly pleaded, it does not admit a fraud charged, except as the facts establish or constitute fraud." *Miller* v. *Butler,* 121 *Ga.* 758 (3) (49 S. E. 754); *Tolbert* v. *Caledonian Ins. Co.,* 101 *Ga.* 741, 746 (28 S. E. 991); *Jones* v. *Robinson,* 172 *Ga.* 746, 747 (3-c) (158 S. E. 752). A general allegation of fraud is insufficient. The complainant must show where the fraud exists, and issuable facts must be charged. *Anderson* v. *Goodwin,* 125 *Ga.* 663, 669 (54 S. E. 679). Allegations of a pleading are to be construed most strongly against the pleader, and the demurrer admits only the facts that are well pleaded and not legal conclusions of the pleader. *Lee* v. *City of Atlanta,* 197 *Ga.* 518, 520 (29 S. E. 2d, 774).

Applying the foregoing principles to the petition, as amended, it did not set forth a cause for equitable relief, when stripped of all conclusions as to fraudulent acts or conduct of the alleged agent of the defendants, Hugh N. Echols and Mrs. Ida Mae Echols.

An essential element of an action for rescission of a contract by reason of fraud is injury to the complaining party. In this case the plaintiff does not allege that the sale price of the property was unfair. She claims to be damaged because of a provision in the contract of sale which seeks to subject one-half of the sale price of her home on Clarke Street, in the event she should sell such property, to the payment of the indebtedness on·the property purchased from Echols.

The plaintiff alleges that the agent of the Echols, in placing the contract of sale before her and telling her to sign the contract, without reading it to her, causing it to be read to her, or making known the contents to her, thereby fraudulently procured her signature; that she could not read the English language, and did not know what was in the papers she was signing, and did not know that there was a provision in the contract concerning her Clarke Street home. She makes no other charge of fraud or collusion against the defendants, Hugh N. Echols and Mrs. Ida Mae Echols, except in general terms.

Counsel for the plaintiff cites a number of cases from this court and the Court of Appeals where a distinction is indicated between the diligence required of a person who is able to read and one who is illiterate. (*Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802, 50 S. E. 915; *Baker* v. *Patton,* 144 *Ga.* 502, 503, 87 S. E. 659; *Dover* v. *Burns,* 186 *Ga.* 26, 196 S. E. 785; *Lewis* v. *Foy,* 189 *Ga.* 596, 6 S. E. 2d, 788; *W. P. Brown & Sons Lumber Co.* v. *Echols,* 200 *Ga.* 284, 287, 36 S. E. 2d, 762; *Davis* v. *Joyner,* 27 *Ga. App.* 132, 107 S. E. 551). In each of the cases cited the plaintiff was able to read, and it was held that the petition did not state a cause of action. The statement in each case in regard to the plaintiff not being illiterate was made to illustrate his lack of diligence. None of the cases cited lays down any rule as to the diligence required of a person unable to read the English language, since that question was not before the court for determination. Counsel for the plaintiff has not cited any case where a petition was said to state a cause of action for the rescission of a contract solely on the ground that the plaintiff was unable to read the English language, and that the defendant did not make known the contents of the contract to the plaintiff.

While the inability of a plaintiff to read the English language would be a circumstance which should be considered in determining whether or not he has been defrauded, the fact of such inability is not of itself sufficient to authorize the rescission of a contract. In order to charge fraud, the person pleading illiteracy must show that the defendant made false representations, or that the defendant concealed the truth when there was a duty on him to disclose the truth.

In the present case no confidential relationship is shown between the plaintiff and the defendants, Hugh N. Echols and Mrs. Ida Mae Echols, or their agent, requiring any disclosure to the plaintiff; nor is any other fact asserted which would require such disclosure. It is not alleged that any misrepresentations were made to the plaintiff as to the contents of the papers she signed. She does not assert that she thought she was signing other papers, but states that she did not know what papers she was signing. It is not shown that she inquired of the agent of the Echols as to the contents of the papers she signed, or that the agent even knew that she could not read the English language. From her allegations it would appear that she willingly signed the papers presented for her signature, without any effort to discover the nature of the contract.

"If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve." Code, § 37-211. "Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties." § 37-116. See also *King & Hamilton* v. *Mobley*, 150 *Ga.* 256, 257 (5) (103 S. E. 237); *Georgia Railroad Bank & Trust Co.* v. *Liberty National Bank & Trust Co.*, 180 *Ga.* 4 (4-c), 17 (177 S. E. 803); *Cooper* v. *Aycock*, 199 *Ga.* 658, 668 (34 S. E. 2d, 895); *Toms* v. *Knighton*, 199 *Ga.* 858, 862 (36 S. E. 2d, 315); *Adler* v. *Leopold Adler Co.*, 205 *Ga.* 818, 826 (55 S. E. 2d, 139).

Under all the allegations of the plaintiff's petition as amended, she showed no diligence in ascertaining the nature of the contract she was signing, and equity can not relieve her of its consequences. The court properly sustained the general demurrer of the defendants, Hugh N. Echols and Mrs. Ida Mae Echols.

*Judgment affirmed. All the Justices concur.*